HELVERING, COMMISSIONER OF INTERNAL
REVENUE, *v.* HUTCHINGS.

No 419.   Argued January 8, 1941.—Decided March 3, 1941.

*Solicitor General Biddle,* with whom *Assistant Attorney General Clark* and *Messrs. Sewall Key* and *Thomas E. Harris* were on the brief, for petitioner.

*Messrs. Rupert R. Harkrider* and *T. W. Lain* for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

The petition for certiorari presents the single question whether under § 504 (b) of the Revenue Act of 1932, 47

Stat. 169, 247, the donor of property in trust for the benefit of numerous beneficiaries is entitled to a single gift tax exemption or exclusion to the extent of the first $5,000 or to separate exemptions of $5,000 for each beneficiary.

Sections 501 (a), 502 (1) impose for each calendar year a tax on the net amount of the transfers "by any individual . . . of property by gift." By § 501 (b) the tax applies "whether the transfer is in trust or otherwise" and "whether the gift is direct or indirect." In the computation of the tax laid upon "net gifts" made during the calendar year, § 504 (b) provides "In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts . . . shall not . . . be included in the total amount of gifts made during such year." And § 1111, defining generally terms used throughout the Revenue Act, provides: "(a) When used in this Act— (1) The term 'person' means an individual, a trust or estate, a partnership, or a corporation."

On December 30, 1935, the taxpayer executed a trust indenture by which she transferred, in trust, property of a value of approximately $145,000 for a term ending in 1957, unless sooner terminated by the trustees, for the benefit of her seven children, with gifts over of the share of each child in event of the death of that child before the expiration of the trust. The taxpayer in her gift tax return for 1935 excluded from the taxable amount of her gifts the sum of $5,000 for each child or a total of $35,000. The Commissioner allowed only a single deduction of $5,000 in lieu of the seven $5,000 deductions claimed by the taxpayer and assessed a deficiency accordingly. The Board of Tax Appeals, treating the trust as the donee rather than the individual beneficiaries, sustained the Commissioner's assessment. The Court of Appeals for the Fifth Circuit reversed. 111 F. 2d 229. We granted certiorari, 311 U. S. 638, to resolve a conflict

of the decision below and of like decisions in other circuits, *Welch* v. *Davidson*, 102 F. 2d 100 (first circuit).; *Rheinstrom* v. *Commissioner*, 105 F. 2d 642 (eighth circuit); *McBrier* v. *Commissioner*, 108 F. 2d 967 (third circuit), and in the Court of Claims, *Pelzer* v. *United States*, 90 Ct. Cls. 614; 31 F. Supp. 770, with that of the Seventh Circuit in *United States* v. *Ryerson*, 114 F. 2d 150.

It is not doubted that separate gifts, other than of future interests, made directly to the donees without the intervention of a trustee entitle the donor under § 504 (b), to one $5,000 exclusion for each gift. But the Government argues that here the trustee or the trust is the donee and as there was only a single trust there can be only a single statutory deduction from the total amount of the gifts. As the statute allows one deduction of the first $5,000 for each gift "made to any person" by the donor, the question for decision is whether in this case of a gift in trust for the benefit of the designated beneficiaries the single trust, or each beneficiary, is the "person" to whom the gift was made and for which the deduction is allowed.

The statutory definition of "person" in § 1111(a) (1) is of little aid in answering this question. The definition is made generally applicable to all of the sections of the revenue act and was carried forward from earlier acts which contained no gift tax provisions. See § 2(a)(1) of the 1926 Revenue Act, 44 Stat. 9; § 701(a)(1) of the 1928 Revenue Act, 45 Stat. 878. The section means no more than that the word "person" in any section of the act in which it occurs may be taken as meaning "trust" rather than "individual" as the context may require. But § 504 (b), allowing the deduction in the case of each gift to any person when applied to gifts in trust for designated beneficiaries, may be read as referring either to a gift to the trust or a gift to each individual beneficiary. Hence we must read the section in its setting of the gift tax pro-

visions and in the light of its legislative history, to determine whether, within its meaning, the trust or each individual beneficiary is the donee to whom the gift is made.

The gift tax provisions are not concerned with mere transfers of legal title to the trustee without surrender by the donor of the economic benefits of ownership and his control over them. A gift to a trustee reserving to the donor the economic benefit of the trust or the power of its disposition, involves no taxable gift. It is only upon the surrender by the donor of the benefit or power reserved to himself that a taxable gift occurs, *Estate of Sanford* v. *Commissioner,* 308 U. S. 39; *Rasquin* v. *Humphreys,* 308 U. S. 54, and it would seem to follow that the beneficiary of the trust to whose benefit the surrender inures, whether made at the time the trust is created or later, is the "person" or "individual" to whom the gift is made.

But for present purposes it is of more importance that in common understanding and in the common use of language a gift is made to him upon whom the donor bestows the benefit of his donation. One does not speak of making a gift to a trust rather than to his children who are its beneficiaries. The reports of the committees of Congress used words in their natural sense and in the sense in which we must take it they were intended to be used in § 504 (b) when, in discussing § 501, they spoke of the beneficiary of a gift upon trust as the person to whom the gift is made. Similarly they spoke of gifts effected by transfer of money or property to another as consideration for the payment of money or other property to a third person as a gift to the third person. H. Rept. No. 708, 72d Cong., 1st Sess., pp. 27–28; S. Rept. No. 665, 72d Cong., 1st Sess., pp. 39–40. It is of some significance also that the denial by § 504(b) of the exemption in the case of gifts of "future interests" has little scope for practical operation unless the gifts to which the exemption applies

include those gifts made to beneficiaries of a trust, since it is by resort to the conveyance in trust that most future interests are created.

Moreover, the very purpose of allowing a gift tax exemption measured by the number of donees, would be defeated if a distinction were to be taken between gifts made directly to numerous donees and a gift made for their benefit by way of a single trust, and we are unable to discern in the statute or its legislative history any purpose to make such a distinction. While one object of the exemption was to permit small tax free gifts, and at the same time "to fix the amount sufficiently large to cover in most cases wedding and Christmas gifts" without the necessity of keeping accounts and reporting the gifts, H. Rept. *supra*, 29; S. Rept. *supra*, 41, nevertheless the statute extended the exemption in the specified amount to all gifts, whether large or small, "made to any person."

In the face of an exemption thus made broadly applicable to all gifts to all donees and in the absence of some indication of an intention to discriminate between gifts made directly to the donees and those made indirectly to the beneficiaries of a trust, we can hardly assume a purpose to favor one class of donees over the other or find such a purpose in the words of the statutory definition of "person" which may indicate either the trust or each individual beneficiary of the trust as the person to whom the gift is made. Further, such an assumption would open the way to avoid the $5,000 limitation upon the allowed exemption, by resort to the simple expedient of the creation by a single donor of any number of trusts of $5,000 each for the benefit of a single beneficiary.[1] A

---

[1] It was this construction of the statute by the Board of Tax Appeals and by "several of the federal courts" which lead to the amendment of § 504 (b) so as to withdraw the exemption in the case of every gift in trust. See § 505 of the 1938 Act, 52 Stat. 447. S. Rept. No. 1567, 75th Cong., 3rd Sess., p. 41.

construction so dependent upon an artificial meaning of the words of the statute and so out of harmony with the statutory scheme and purpose is not to be favored.

Article 11 of 79 Treasury Regulations (1933 edition), issued under the 1932 Act, treats each gift to the beneficiary of a trust as entitled to the benefit of the $5,000 deduction unless the gift is of a "future interest" which § 504 (b) excepts from the exemption otherwise allowed. Such we think is the correct construction of the statute.

It is unnecessary to consider here the question whether a gift upon trust for impersonal, public or charitable purposes where there are no designated or ascertainable first beneficiaries is a gift to the trust entitled to a single $5,000 deduction. See *Hutchings* v. *Commissioner,* 111 F. 2d 229, 231. Nor do we consider whether the gifts to the beneficiaries here are of future interests which are excepted from the benefit of the $5,000 deduction allowed by § 504 (b). That question is not presented by the petition for certiorari. But our judgment will be without prejudice to consideration of that question by the Board of Tax Appeals upon the remand to it if, under the rules and procedure governing proceedings before the Board, the Commissioner is free to present the question there.

*Affirmed.*