**COMMISSIONER OF INTERNAL REVENUE v. WELLS.**

No. 9103.

Circuit Court of Appeals, Sixth Circuit.

Dec. 1, 1942.

L. W. Post, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

No appearance of counsel (Meredith P. Sawyer, of Menominee, Mich., on the brief), for respondent.

Before HAMILTON, MARTIN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

In December, 1935, respondent executed an irrevocable deed of trust to his wife, as trustee, for his two sons. He retained no control over the management, but provided that the amount of income and principal to be distributed to the beneficiaries should rest entirely in the discretion of the trustee. In his gift tax return, respondent deducted two exclusions of $5,000 from the gifts made to his two sons by virtue of the trust—relying upon Sec. 504(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Acts, page 585, which provides, in part, that in case of gifts made to any person, the first $5,000 shall not be included in the total. Upon this return, the Commissioner of Internal Revenue notified respondent of a deficiency, based on the ground that he was entitled to claim only one exclusion of $5,000, inasmuch as a trust represented only a gift to one person, rather than two gifts to his sons as beneficiaries. Respondent, thereupon, filed a petition with the Board of Tax Appeals, asking disallowance of the deficiency assessment.

To the petition, the Commissioner filed answer, setting forth, insofar as pertinent to this case, that he did not err in allowing

only one exclusion; and that respondent was not entitled to two exclusions of $5,000 each, merely because there were two beneficiaries of the trust.

After hearing, the Board rendered an opinion, holding that respondent was entitled to a deduction of $5,000 for each beneficiary of the trust, inasmuch as each such beneficiary is the donee of a gift, and the exclusion is granted to the donor for each donee.

After the opinion was filed, and prior to the entry of decision, the Commissioner filed a motion for reconsideration, together with a proposed amended answer, claiming an increased deficiency, on the ground that certain decisions of the Supreme Court had been entered eight days before the Board's opinion, which clarified the law and held that while each beneficiary of a trust was a donee, for whom an exclusion of $5,000 was granted, nevertheless, beneficiaries such as those in the present case were, by virtue of the recent adjudications referred to, held to be recipients of future, rather than of present, interests; and that the statute did not allow such exclusions to a donor of future interests. This motion was denied. Thereafter, a further motion for special leave to file a motion for rehearing, reconsideration, proposed amendments to answer, and revised findings, together with a separate motion to file amendments to the Commissioner's answer, was filed. The Board denied all of such motions, and finally entered a decision holding merely that a recomputation of tax, agreed to by respondent, had been made and that there was a deficiency in gift tax of $1.74. The Commissioner seeks review.

The appeal before us raises questions regarding the meritorious nature of the defense set forth in the Commissioner's proposed amended answer, and whether the Board should have granted his motions for reconsideration, amendment of pleading, revision of findings, and increase of deficiency over that originally claimed.

The statute, Sec. 504(b) of the Revenue Act of 1932, provides: "In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not * * * be included in the total amount of gifts made during such year." 26 U.S.C.A. Int. Rev.Acts, page 585.

It may be remarked that in Sec. 505 of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 1139, the right to the $5,000 exclusion from all gifts in trust was withdrawn by Congress.

Prior to Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909, decided eight days before the rendition of the Board's opinion in this case, the law was confused and unsettled as to the exclusions or deductions allowed in gifts involving trusts. Many cases had held that the trust was the "person," in the language of the statute, to whom the gift was made, rather than the beneficiary, and that since the trust itself was the donee, every interest transferred to a trust was a present interest to a person. Therefore, in such cases only one exclusion of $5,000 was allowed—the gift to the trust—and the nature of the interests of beneficiaries of the trust was not inquired into. See Paul, Federal Estate and Gift Taxation, Sec. 15.11 et seq.

However, in Helvering v. Hutchings, supra, the court held that the beneficiaries of a trust, and not the trust itself, were the "persons" to whom such a gift was made, and that when a donor conveyed property in trust for numerous beneficiaries, he was entitled to separate exemptions or exclusions of $5,000 for each beneficiary. In deciding this point, the Supreme Court raised the question of what "future interests" are—a matter that many courts had theretofore considered foreclosed in gift tax cases involving trusts because, in such cases, a gift had been, on many occasions, held one of a present interest to the trust itself.

On the authority of the Hutchings case, decided a few days subsequent to the arguments before the Board in the present controversy, the Board determined that respondent was entitled to two exclusions, one for each beneficiary of the trust.

Relying on previous adjudications and decisions of the Board, the Commissioner had contested the petition on the ground that only one exclusion was permitted to a trust—no matter how many the beneficiaries thereof—on the theory that a gift to a trust was a gift of a present interest to one person. But when it was determined that a gift in trust was a gift to the beneficiary, then there arose the question of whether the beneficiary had received a present or a future interest; and if the latter were the case, no exemptions would be allowable to the donor.

To raise this question, it was necessary to amend the answer conforming to the rule that two exemptions—instead of one—were allowable for the two beneficiaries unless they had received future interests, but countering affirmatively that their interests were, in fact, of this nature, and, therefore, no exemptions were allowable.

The contention of the Commissioner that the interests, received by the beneficiaries of the trust in the instant case, were future interests is based upon the fact that the distribution of any principal or interest from the trust rests entirely within the discretion of the trustee, according to the provisions of the trust instrument.

■ In considering this question, it is necessary to put aside conceptions of "estates in futuro" as understood by Blackstone and the classic commentators on the common law. For future estates, as the term is used in the statute, are not to be understood as interests similarly designated in the law of conveyancing. They are, rather, interests in land or other things, in which the privilege of possession or of enjoyment is future and not present; and the one essential is the possibility of future enjoyment. See Helvering v. Hutchings, supra; Paul, Federal Estate and Gift Taxation, Sec. 15.11.

"The term 'future interests in property' refers to any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date. The exemption being available only in so far as the donees are ascertainable, the denial of the exemption in the case of gifts of future interests is dictated by the apprehended difficulty, in many instances, of determining the number of eventual donees and the values of their respective gifts." H.Rep. No. 708, 72d Cong., 1st Sess., page 29; S.Rep. No. 665, 72d Cong., 1st Sess., p. 41.

A future interest was defined in Treasury Regulations, 79, in effect at the time of the hearing before the Board, as follows: "A future interest in property is any interest or estate in property, whether vested or contingent, which is limited to commence in use, possession, or enjoyment at some future date or time." (Article 11, 1933 Ed.)

■ In United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, the Supreme Court held that where beneficiaries had no right to the present enjoyment of the corpus or the income of a trust, and could only receive it after they survived a ten-year period, the use, possession, and enjoyment of each donee was postponed to the happening of a future uncertain event, and was a future interest. In Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917, the court held that where gifts of separate equal shares of the corpus of a trust were payable to each of the two trustees in the event of their joint request that the trust be terminated, the gifts depended upon the contingency of both trustees' joining in the exercise of the power of disposition, which might never happen, and that in such a case the gifts were future interests.

In Welch v. Paine, 1 Cir., 120 F.2d 141, where a taxpayer created a trust, with himself as trustee, to hold and pay net income from trust property to his wife and minor children, in such proportions and at such times as the trustee might, in his sole discretion, determine, or to accumulate it for their benefit until the termination, at his death, of the trust, when it would be distributed to the donees, it was held that none of the beneficiaries had a right to the immediate beneficial enjoyment of the income of the trust; and that such gifts were clearly gifts of future interests.

We are of the opinion that the proposed amended answer of the Commissioner raised a meritorious question of liability for an increase of deficiency.

With regard to the refusal of the Board to grant consideration of the question raised in the proposed amended answer, we pass to the matter of the Board's denial of motions addressed to that end. The first motion, that the Board withdraw its opinion, reconsider the issues involved and grant leave to file amended answer claiming increase of deficiency, was filed within thirty days after service of the opinion. Rule 19 of the Rules of Practice of the Board, 26 U.S.C.A. Int.Rev.Code following section 5011, provides that no motion for rehearing, further hearing, reconsideration, or the like, shall be filed more than thirty days after the opinion has been served; and that motions will be acted upon as justice may require. A motion for special leave to file a motion to the same general effect as the previous proceeding, was filed more than thirty days after the filing of the opinion, but before computation of tax, and prior to entry of decision. Section 513 (e) of the Revenue Act of 1932, 26 U.S.

408

C.A. Int.Rev.Acts, page 591, provides that the Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the donor, and to determine whether any additional amount or addition to the tax should be assessed, if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing. Rule 17 provides that, upon motion made, the Board may in its discretion at any time before the conclusion of the hearing, permit a party to a proceeding to amend the pleadings to conform to the proof.

Obviously, the hearing would not be concluded if a rehearing were granted, and had the Board granted a rehearing, which was discretionary, the Commissioner, under the foregoing rules and statutory provisions, would have been entitled to amend his answer and assert a claim for an increase of the deficiency originally claimed. Under the Commissioner's contention, no additional evidence was necessary to support such claim.

■ Rules of practice and procedure are devised to promote the ends of justice, and in the less formal proceedings before administrative agencies, such rules do not require sacrifice of this principle, by refusal of an appellate court to give consideration to issues not raised below. Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 75 L.Ed 1037. Where the Board of Tax Appeals, in determining issues, had not considered the applicability of a certain section of the Revenue Act, in the light of a subsequent decision of the Supreme Court applying that section, which the Commissioner claimed was applicable for the first time on a petition for review, the case was remanded to the Board for a rehearing in the light of such decision. Commissioner of Internal Revenue v. Central National Bank of Cleveland, 6 Cir., 119 F.2d 470. Where, on review of a decision of the Board, an issue raised is purely one of law requiring no new or amplified factual determination, and the question is simply the proper interpretation in the application of the statute to determine taxes due, the fact that the issue was not raised in the petition to the Board, is immaterial; Black Motor Co. v. Commissioner of Internal Revenue, 6 Cir., 125 F.2d 977; and where a decision of the Board has been handed down prior to a decision of the Supreme Court and the Government, on appeal, in the light of such decision, relies upon a statutory provision not previously presented, the case is remanded to enable the respondent to introduce additional evidence directed to the new issue. Helvering v. Richter, 312 U.S. 561, 61 S.Ct. 723, 85 L.Ed 1043.

■ In view of the foregoing decisions and the opinion of the Supreme Court in Helvering v. Hutchings, supra, it is our conclusion that the Board should have granted the Commissioner's motions for reconsideration, amendment of pleadings, and rehearing. The case is, accordingly, remanded to the Board for amendment of pleadings by the Commissioner and the respondent, and for rehearing and the introduction of such additional evidence as may be submitted by the parties.