## BLAFFER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10395.

Circuit Court of Appeals, Fifth Circuit.

March 5, 1943.

Walter E. Barton, of Washington, D. C., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Arthur Manella, Sewall Key, and J. Louis Monarch, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The Petition for Review involves gift tax deficiency determinations for the calendar years 1936 and 1937 in the respective amounts of $8,837.67 and $5,024.75.

During the years 1936 and 1937, R. L. Blaffer made substantial gifts of property to certain of his children and to certain trusts for their use and benefit. In his gift tax return he claimed an exclusion of $5,000 in respect to each of the gifts made to trusts. The multiple exclusions were claimed on the theory that within the meaning of Section 504(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 585 each trust was a "person", and that the number of exclusions was to be determined by the number of trusts receiving gifts and not by the number of beneficiaries. The Commissioner determined a

deficiency in gift tax for each of the years, and on review the Board of Tax Appeals, acting in conformity with Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909, and United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, held: that the word "person" in Section 504(b) refers to the beneficiary and not to the trust; and that gifts made to taxpayer's minor daughters, Cecil and Joyce Blaffer, were gifts of "future interests in property" and not subject to the exclusions claimed.

Petitioners recognize that in the Hutchings Case the Supreme Court decided and put to rest all contentions that trusts were persons within the meaning of Section 504(b), and that in the Pelzer Case the Supreme Court passed upon and clarified the meaning of the term "future interest in property". They contend, however, that the doctrine of res judicata prevents application of the law of those cases to the present case which involves gifts made in 1936 to trusts numbered 1 and 2, 8 and 9, and 11 and 12, for the benefit of John and Sarah Blaffer, and a gift made in 1936 to a trust for the benefit of Joyce Blaffer. This contention is rested upon the fact that in a proceeding involving Blaffer's 1934 gift taxes, the Commissioner, before submission of the case to the Board, conceded that trusts were "persons", and that a gift made in 1933 for the use and benefit of Joyce Blaffer was not a gift of a future interest. Blaffer v. Commissioner, 38 B.T.A. 632.

That case arose in this way: In 1934 Blaffer made gifts to five trusts for the use and benefit of his children. Five exclusions were claimed, but the Commissioner determined that only four exclusions of $5000 each should be permitted, and the taxpayer's claimed specific exemption was reduced from $40,500 to $35,500. Petition for review was filed with the Board of Tax Appeals, but before submission of the case the Commissioner conceded and agreed that the taxpayer was entitled to five exclusions and to the claimed specific exemption. With these two points disposed of by the stipulation and concession of the parties, the Board proceeded to pass upon and decide the only remaining issue in the case; that is, Blaffer's liability for gift tax on gifts of certain insurance policies. Blaffer v. Commissioner, 38 B.T.A. 632, affirmed 5 Cir., 103 F.2d 489.

■ The doctrine of res judicata, simply stated, is that issues once settled between litigating parties by the judgment of a court of competent jurisdiction, remain settled and cannot be disputed in a subsequent suit between the same parties or their privies. Bennett v. Commissioner, 5 Cir., 113 F.2d 837, 130 A.L.R. 369; Southern Pac. R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355; Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195; Tait v. Western Md. R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405.

■ We think that this is not a proper case for application of the doctrine of res judicata, and that the Board of Tax Appeals correctly held that its prior decision was not decisive of the issues presented in this case. The issues involved here were in no sense finally settled and disposed of in the Board's earlier case involving 1934 taxes. The Commissioner's concessions in the 1934 tax case were, to say the least, based on an erroneous conception of the meaning of Section 504(b) of the Revenue Act of 1932. Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909; United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913. The concessions of the Commissioner having been made prior to submission of the previous case, the Board was not called upon to decide, and it did not decide, the issues now presented as to exclusions for the years 1936 and 1937. Because questions as to exclusions were raised in the petition involving 1934 taxes, the taxpayer was able to gain concessions which, although erroneous, carried his point; and we are now urged by petitioners to perpetuate that error, to disregard the controlling decisions of the Supreme Court, and to apply an erroneous and disapproved construction of the exclusion provisions of Section 504(b) to gifts made by Blaffer in later years. On the facts of this case the doctrine of res judicata should not and may not be so extended. Moreover, if it could be said that the former decision of the Board did pass upon and decide that the word "person" as used in Section 504(b) included trusts as well as beneficiaries, we think that such holding on a pure question of law would not be binding for the subsequent years, especially since the Supreme Court has held explicitly as an unmixed question of law that the word "person" means a beneficiary and not a trust. See Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 69 L.Ed. 262.

The previous decision of the Board of Tax Appeals is not res judicata as to the issues presented in the present case which is a wholly different cause of action involving new gifts made in subsequent years. The Board properly held that exclusions under Section 504(b) are to be determined by the number of beneficiaries, and that the gifts to Joyce and Cecil Blaffer were gifts of future interests in property.

The decision is affirmed.