## FIDELITY TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8479.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 20, 1943.

Decided Feb. 7, 1944.

John E. Laughlin, Jr., of Pittsburgh, Pa. (Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., on the brief), for petitioner.

Helen Goodner, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

In December, 1934, Ernest T. Weir and the Fidelity Trust Company, the petitioner, entered into an insurance trust agreement. Weir, the settlor, transferred to the petitioner, as trustee, eighteen policies of life insurance, the res of the trust. The trust agreement provided, inter alia, that upon the death of the settlor, the trustee was to collect all the money due under the policies and pay the income of the trust estate to the settlor's wife and their three children for life. If Mrs. Weir or any of the children predeceased the settlor, the children not leaving persons entitled to succeed them under the terms of the trust, the other beneficiaries were to take such share. Upon Mrs. Weir's death the trustee could partially terminate the trust in favor of the settlor's children then living who had attained the age of 35. Otherwise the trust was to continue until the death of the last survivor of the named beneficiaries and upon his death the corpus was to be distributed to the surviving grandchildren of the settlor. The trust was irrevocable and the settlor waived any right to change the beneficiary under the policies of life insurance.

In 1937 the settlor paid premiums directly to the insurance companies in the amount of $7,503.45 on ten of the policies. On March 15, 1938, the settlor filed a gift tax return for 1937, reporting the premium payments as gifts, but claiming an exclusion of $5,000, leaving a net gift tax of $600.83. The Commissioner disallowed the exclusion, since the gifts were gifts of future interests, made similar adjustments for previous years and calculated a deficiency in gift tax for 1937 of $1200.[1] The notice of deficiency, dated March 12, 1942,

---

[1] No question is raised as to the disallowance of the claimed exclusion.

was sent, not to the settlor, as to whom the three-year statute of limitations[2] had expired, but to the trustee, under the transferee provisions of the gift tax sections, §§ 526, 527, of the Revenue Act of 1932. 26 U.S.C.A. Int.Rev.Acts, pages 599–601. The Tax Court sustained the Commissioner and the trustee petitioned this Court for review.

The question presented for our determination is whether the trustee is a fiduciary liable as a transferee within the meaning of § 527 of the Revenue Act of 1932. Subsection (b) of § 527, which the Commissioner relies upon, provides, that "Upon notice to the Commissioner that any person is acting in a fiduciary capacity for a person subject to the liability specified in § 526, the fiduciary shall assume, on behalf of such person, the powers, rights, duties, and privileges of such person under such section (except that the liability shall be collected from the estate of such person), * * *." Section 526 provides for the ordinary summary method of assessment and collection of tax deficiency in certain cases of transferred assets. Made subject to such procedure, is the liability, at law or in equity, of a transferee of property of a donor, for the gift tax on the property. § 526(a) (1). Subsection (f) defines a transferee to include a "donee".

The Commissioner's theory of the case is that the beneficiaries of the trust were the donees of a gift of insurance premiums and are to be treated as transferees under § 526. As donees, the beneficiaries have a liability at law under § 510 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Acts, page 589, which provides, in part, that if the gift tax is not paid when due, the donee shall be personally liable for the tax to the extent of the value of the gift. Then invoking § 527(b), quoted above, the Commissioner says that the trustee is a fiduciary, who, under the section, assumes "the powers, rights, duties, and privileges" of the donee, including the donee's liability for tax under § 526. This was the theory applied in Fletcher Trust Co. v. Commissioner of Internal Revenue, 1943, 1 T. C. 798, upon the basis of which decision the Tax Court decided the instant case in an unreported memorandum opinion.

There is a serious obstacle in the path of accepting the theory adopted by the Tax Court and urged by the Commissioner. Section 510 imposes a personal liability on the donee. Here, under the view advanced, the beneficiaries of the trust are the donees and upon them the liability for the tax is supposed to fall. But the beneficiaries who will ultimately receive the income and the corpus are not now determinable. It is true that the settlor's wife and children are named as beneficiaries, but they are at present beneficiaries of future interests. The wife may predecease the settlor; or any child may predecease him without any surviving issue. In that event, the share would go to other beneficiaries, at present unknown both in name and number. In that event, the liability of the deceased beneficiary for the gift tax which was personal to him, would have been collected out of the trust estate, thus diminishing the share of ultimate beneficiaries who, under the theory advanced, must be deemed to have had no liability for the tax imposed upon the deceased beneficiary.

Furthermore, the Commissioner's view of the case raises a complex valuation problem which he has failed to answer. The primary liability for the gift tax was on the settlor. As such, the tax was on the full value of the gift, the amount of premiums paid. Under § 510 the secondary liability of the donees for the tax is limited to the exent of the value of the gift. Even if we should assume that the cash surrender value of the policies increased in 1937 to the extent of the premiums paid, it does not follow that the value of the gift to the wife and three children was that sum. As already noted, the wife and children were at the time beneficiaries of future interests, which they might never realize. The value of their interests in the trust as a whole in 1937 would have to be calculated on that basis. In 1937, they were obviously not entitled to the full cash surrender value of the policies, nor was any one of them entitled to a portion thereof. We cannot see how the valuation of the interests of the beneficiaries in the premiums paid in 1937 can be made without taking into account the fact that interests were to commence in enjoyment at some future date. This the Commissioner failed to do.

However, we believe that the Commissioner has made his case much harder than he needed. The difficulties that will

---

[2] § 517, 26 U.S.C.A. Int.Rev.Acts, page 596.

arise under his theory, in cases of this sort, arc as indicated, many. These impediments arise, from the notion that the donees of the settlor's beneficence for the purposes of § 526 and § 527 are the beneficiaries of the trust. There is, it is true, authority, which we, no less than the Commissioner, must adhere to, that the donees of a trust creating future interests are the beneficiaries. Helvering v. Hutchings, 1941, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909; United States v. Pelzer, 1941, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913. In fact that was the view adopted by this Court prior to the Supreme Court decisions. McBrier v. Commissioner of Internal Revenue, 3 Cir., 1939, 108 F.2d 967. But, these decisions considered the status of beneficiaries as donees in determining the amount of exclusion from gift tax liability to be allowed to a donor whose gift was given in trust for a number of beneficiaries. The Congressional intent and practical considerations concerning tax avoidance prompted the conclusion there reached. It does not follow, we think, that the same considerations preclude the conclusion that, for the purposes of § 526, the trust may be considered the transferee-donee.

 Without resting a conclusion on this distinction, however, we think the Commissioner's case finds sound support if the problem is approached from another angle. Although § 526(f) defines "Transferee" to include "donee, heir, legatee, devisee, and distributee." those are not, by express command of the statute, the only meanings to be attributed to "transferee" for § 1111(b) [3] specifies that "includes" shall not be deemed to exclude other things otherwise within the meaning of the term defined. It has been held, we think correctly, that these words of inclusion were not intended to limit the meaning of the word "transferee", but to eliminate any doubt as to the inclusion of the four classes specifically mentioned. Victor H. Levy v. Commissioner of Internal Revenue, 1929, 16 B.T.A. 653; Louis Costanzo v. Commissioner of Internal Revenue, 1929, 16 B.T.A. 1294. There

can be little dispute that the trust estate is the actual recipient of the benefits flowing from the payment of the premiums. The premiums paid the insurance companies kept the policies alive on their then existing basis and added several thousand dollars to their cash surrender value. The practical effect is the same whether the settlor paid the premiums directly to the insurance companies or paid it to the trustee who in turn remitted to the insurer. The trust estate was enhanced by the payments; it is the transferee in the common use of the term, as one to whom something is transferred.

 With the trust estate considered as the transferee, resort to §§ 526 and 527 to collect the donor's tax liability is not difficult. Section 510 makes all gifts subject to a lien for ten years for the gift tax of the donor. And the trust estate is subject to the lien to the extent of the unpaid tax. There is thus the liability at law or equity required by § 526. Any suggestion that the limitations period has expired is also obviated; the lien is good for ten years and assessment was made within the period allowed by subsection (b) of § 526. The collection procedure authorized by § 526 may be instituted, then, as here, against the trustee who as the fiduciary of the transferee,[4] assumes the transferee's duties, the liability being collected from the trust estate. § 527(b).[5]

 One question remains. The trustee contends that § 527(b) and the corresponding Treasury Regulations [6] require notice by the fiduciary that he is acting in that capacity and certain other information. This notice the trustee failed to give and it says, that therefore, it cannot be held subject to the provisions of that section. The Commissioner claims he received the notice required when the donor filed with the Collector of Internal Revenue a "Donee's or Trustee's Information Return of Gifts" on Form 710. We think the Commissioner is right. As the Tax Court indicates in its opinion in the Fletcher case, supra, where the same point was made, the trustee's construction of the statute would make liability of the

[3] 26 U.S.C.A. Int.Rev.Acts, at page 657.

[4] § 1111(a) (6), ibid, defines "fiduciary" to mean "a * * * trustee * * * or any person acting in any fiduciary capacity for any person."

[5] § 527(b) provides that the fiduciary

shall assume the duties "of such person", "on behalf of such person". § 1111(a) (1), id. at 656, gives as one of the meanings of "person", "a trust."

[6] U.S. Treas. Reg. 79, Art. 61 (1936 Ed.)

transferee under § 527 hinge upon the action taken by the fiduciary. Absent notice by the fiduciary, the Commissioner could not invoke § 527, a result obviously not intended by Congress.[7] The suggestion that the provision of § 527, that the fiduciary "shall assume, * * * the powers, [etc.]", indicates a voluntary course of action by the fiduciary was intended disregards, not only the practical result of such a construction, but the mandatory wording of the section that upon notice being given, the fiduciary automatically assumes the powers, rights, etc.

Affirmed.

---

[7] See H. Conference Rep. No. 356, 69th Cong., 1st Sess., (1939—1 Cum.Bull. (Part 2) 361, 372, 383).