**Mary Ann HEYEN, Executrix of the Estate of Jennie Owen, deceased, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 90–3295.

United States Court of Appeals, Tenth Circuit.

Sept. 26, 1991.

Kenneth E. Peirce and John T. Suter of Reynolds, Peirce, Forker, Suter & Rose, Hutchinson, Kan., for plaintiff-appellant.

Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Jonathan S. Cohen and Deborah Swann, Attys., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before SEYMOUR and EBEL, Circuit Judges, and BABCOCK,* District Judge.

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff, Mary Ann Heyen, executrix of the estate of her mother, Jennie Owen, appeals the judgment of the district court, entered after jury trial and the denial of motions for judgment notwithstanding the verdict and new trial, upholding the government's gift tax deficiency assessment and imposition of civil fraud penalties under 26 U.S.C. § 6653(b)(1), (2). The deficiency assessment imposed gift tax on decedent's transfer of shares of stock. Decedent transferred blocks of stock, each individually valued by her to be less than $10,000.00, to twenty-nine recipients. Twenty-seven of the recipients soon thereafter signed blank stock certificates so that the stock could be reissued to decedent's family. The government imposed a fraud penalty after concluding decedent's plan for transfer of the stock attempted fraudulently to evade the gift tax.

On appeal, plaintiff argues (1) the transfers of stock by decedent were not subject to gift tax liability; (2) the government incorrectly valued the stock in the deficien-

cy assessment; and (3) the evidence does not support a finding that plaintiff intended to evade gift taxes through a fraudulent filing of the gift tax return. We affirm.

The facts in this case are, for the most part, undisputed. Decedent transferred 115 shares of stock in First National Bank and Trust of St. John to six persons. After receiving the stock certificates, all six signed the stock certificates in blank, and gave them to plaintiff or the bank. Subsequently, the bank cancelled the certificates and the stock was reissued to members of decedent's family. Decedent also transferred 136 shares of stock in St. John National Bank to twenty-three other persons. All but two of the recipients endorsed the stock certificates in blank, resulting in a later reissuance of the stock to members of decedent's family. Based on the book value per share, each of the twenty-nine recipients received stock valued at slightly less than $10,000.00, the gift tax exclusion amount. The recipients either did not know they were receiving a gift of stock and believed they were merely participating in stock transfers or had agreed before receiving the stock that they would endorse the stock certificates in order that the stock could be reissued to decedent's family. It was decedent's wish in transferring the stock that gift taxes be avoided.

Decedent died nine months after the transfers. Plaintiff filed a gift tax return excluding the transfers of stock. The IRS audited the return and issued a deficiency assessment of $57,672.05 and a civil fraud penalty of $28,836.03. After paying the amounts and receiving an administrative denial of her claim for refund, plaintiff filed an action in district court seeking refund. The district court held a jury trial, and the jury found in favor of the government.

Plaintiff thereafter filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. With the exception of granting a remittitur with regard to the two transfers of stock which

---

* Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation.

were retained by the recipients and which were not passed back to decedent's family members, the district court denied the motions. *Heyen v. United States,* 731 F.Supp. 1488, 1493–94 (D.Kan.1990).

■ We review de novo the district court's order denying judgment notwithstanding the verdict, applying the same standard applied by the district court. *Guilfoyle ex rel. Wild v. Missouri, Kan., & Tex. R.R.,* 812 F.2d 1290, 1292 (10th Cir. 1987). The district court errs in denying the motion "only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party for whom the jury found; we must construe the evidence and inferences most favorably to the nonmoving party." *Zimmerman v. First Fed. Sav. & Loan Ass'n,* 848 F.2d 1047, 1051 (10th Cir.1988). We will not weigh the evidence, judge the credibility of the witnesses, or substitute our judgment for that of the jury. *Lucas v. Dover Corp., Norris Div.,* 857 F.2d 1397, 1400 (10th Cir. 1988).

■ We review the district court's decision denying a new trial for an abuse of discretion. *Patty Precision Prods. Co. v. Brown & Sharpe Mfg. Co.,* 846 F.2d 1247, 1251 (10th Cir.1988). We will not "make a determination of the sufficiency or weight of the evidence...." *Id.*

## I.

■ Plaintiff argues that the stock transferred by decedent is not subject to gift tax liability. Plaintiff first contends that decedent did not make a gift of the stock to family members. Rather, plaintiff submits that decedent made separate gifts to the intermediate stock recipients, who voluntarily permitted retransfer of the stock to decedent's family members. Because decedent allegedly relinquished control over the stock to the intermediate recipients, plaintiff maintains the transfer to the decedent's family members was not subject to the gift tax.

■ A gift tax will be imposed on any transfers of property by gift. 26 U.S.C. § 2501(a)(1). The tax applies to any trans-fer, whether direct or indirect, if the gift value is greater than the statutory exclusion amount of $10,000.00. *Id.* at §§ 2503(b), 2511(a). The language of the gift tax statutes clearly provides that "transfers of property by gift, by whatever means effected, are subject to the federal gift tax." *Dickman v. Commissioner,* 465 U.S. 330, 334, 104 S.Ct. 1086, 1089, 79 L.Ed.2d 343 (1984); *see also Estate of Lang v. Commissioner,* 64 T.C. 404, 412 (1975) ("Congress intended to use the term 'gift' in its broadest and most comprehensive sense in the gift tax area."). In order for a gift to be complete, the donor must relinquish dominion and control over the property. 26 C.F.R. § 25.2511–2(b). When the property gifted is stock, the gift is completed when the stock is delivered or is transferred on the books of the corporation into the name of the donee. *Id.* at § 25.-2511–2(h).

■ Although plaintiff does not dispute the general statutory and regulatory language regarding gifts, she cites to 26 C.F.R. § 25.2511–1(g)(1) as support for her contention that contrary to jury instructions 16 and 17, decedent's intent in making the stock transfers was irrelevant. Section 25.2511–1(g)(1) provides, in relevant part, that:

> Donative intent on the part of the transferor is not an essential element in the application of the gift tax to the transfer. The application of the tax is based on the objective facts of the transfer and the circumstances under which it is made, rather than on the subjective motives of the donor.

We agree with the district court's determination that the regulation does not preclude consideration of the decedent's donative intent and subjective motives in determining whether decedent made a gift subject to the gift tax. *Heyen,* 731 F.Supp. at 1490. Although an absence of proof of donative intent will not necessarily prevent a transfer from being subject to gift tax, *Commissioner v. Wemyss,* 324 U.S. 303, 306, 65 S.Ct. 652, 654, 89 L.Ed. 958 (1945), when donative intent is present, it suggests there has been a gift. Decedent's initial

transfer of stock to nonfamily members is not determinative. Section 25.2511–1(g)(1) does not preclude consideration of decedent's actual intent to transfer the stock to family members, and section 2511(a) requires consideration of whether decedent made an indirect transfer. The evidence at trial indicated decedent intended to transfer the stock to her family rather than to the intermediate recipients. The intermediary recipients only received the stock certificates and signed them in blank so that the stock could be reissued to a member of decedent's family. Decedent merely used those recipients to create gift tax exclusions to avoid paying gift tax on indirect gifts to the actual family member beneficiaries.

■ Plaintiff further contends that instructions 16 and 17 improperly required the jury to consider that the substance of the transaction, rather than its form, controlled the determination of whether there was a taxable gift. Plaintiff asserts that substance over form analysis applies only to income tax cases.

■ Contrary to plaintiff's argument, substance over form analysis applies to gift tax, as well as to income tax, cases. *See Chanin v. United States*, 393 F.2d 972, 978–80, 183 Ct.Cl. 840 (1968); *Vose v. Commissioner*, 284 F.2d 65, 68–69 (1st Cir. 1960). Actual donees of gift property must be identified, despite the naming by a donor of a beneficiary. *See Helvering v. Hutchings*, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909 (1941) (annual gift tax exclusion applied to beneficiaries of trust, not trust); *Schultz v. United States*, 493 F.2d 1225 (4th Cir.1974) (gifts to children of reciprocal donors treated as gifts to children of donor); *Johnson v. Commissioner*, 86 F.2d 710 (2d Cir.1936) (intermediary "gift" rejected as sham). Accordingly, the district court did not erroneously instruct the jury.

■ Plaintiff additionally contends that the transfers of the stock by decedent were not subject to gift tax because decedent relinquished control over the stock to the intermediate recipients as required by section 25.2511–2(b) and (h). To support her contention, plaintiff points to evidence es-

tablishing that two of such recipients kept the stock given to them without permitting retransfer to decedent's family, and she asserts that other recipients could have kept the stock as well had they decided to do so. Also, plaintiff maintains that the district court's determination that it erroneously permitted the jury to consider the two transfers that were not reconveyed to family members proves, as a matter of law, that all of the transfers were not subject to the gift tax.

The district court granted remittitur as to the two transfers only after holding that those two recipients had retained the shares transferred to them. *Heyen v. United States*, 731 F.Supp. at 1493. The district court did not determine that the other intermediate recipients also could have retained or did retain the stock.

Although the two transfers initially were the same as the other transfers, the end result was not the same. Despite the decision of two of the recipients to keep their stock, the decedent's intent with regard to all of the stock was apparently the same. The evidence at trial showed, and the jury properly found, that decedent intended her family to be the ultimate beneficiaries of the stock. Thus, the two recipients' decisions to keep their stock did not change the appropriate tax treatment for the other stock transfers.

Further evidence that the two transfers should be treated separately from the other transfers is the conduct of the St. John National Bank and decedent's family members. Even though the two recipients did not endorse the stock certificates, the bank treated the stock as if it had been retransferred to decedent's family. The bank cancelled all of the stock certificates and reissued the full number of decedent's shares to her family, apparently to carry out decedent's plan to transfer the stock to her family. The family received all dividends and voted all shares for a period of time. Sometime later it was discovered that the two had not signed over their shares. At that time, the bank changed its records to reflect that the two retained ownership of the shares. Such actions of the bank and

the family are sufficient for the jury to conclude that decedent never really gave up control of the shares of stock to all of the recipients.

Despite the district court's ruling regarding the remittitur for the retained stock, as a matter of law the jury, properly instructed, was not required to find for plaintiff as to all of the stock transferred. The district court's separate treatment of the two transfers does not create error as to the other transfers, because the time and manner of the transfers provide evidence that decedent intended to and did transfer the stock to her family. The evidence amply showed that the stock transfers were indirect gifts to decedent's family which were subject to the gift tax.

## II.

■ Plaintiff argues the government incorrectly valued the stock in the deficiency assessment. Plaintiff also submits that because the government's expert witness incorrectly failed to consider minority share or marketability discounts in making his calculations, her expert's valuation should have been accepted.

■ The value of a gift of stock is its fair market value on the date of the gift. 26 U.S.C. § 2512(a); 26 C.F.R. § 25.2512–2(a). Fair market value is the price that a willing buyer would pay a willing seller when neither is under pressure to buy or sell and both have knowledge of the relevant facts. 26 C.F.R. § 25.2512–1.

■ The IRS's determination of value is presumptively correct. *Hamm v. Commissioner*, 325 F.2d 934, 937 (8th Cir.1963), *cert. denied*, 377 U.S. 993, 84 S.Ct. 1920, 12 L.Ed.2d 1046 (1964). Because valuation of stock is a question of fact, and not a matter of formula, this court has limited review of the fact findings. *Id.* at 938.

Although plaintiff submits that the IRS's expert did not specifically factor certain discounts into his calculations, he did consider them in his evaluations. In any event, the jury did not accept the government's expert's valuation of the stock, which was in excess of book value. In-

stead, the jury accepted book value, the value used for the deficiency assessment, in reaching its verdict. Evidence at trial indicated that actual sales of St. John National Bank stock at the time of transfer were at book value. Additionally, the decedent and plaintiff used book value of the stocks of the two banks to determine the number of shares to be transferred to each initial recipient without exceeding the $10,-000.00 annual gift tax exclusion.

Because plaintiff failed to prove the deficiency assessment was incorrect, *see Jones v. Commissioner*, 903 F.2d 1301, 1303 (10th Cir.1990), we will not disturb the jury's verdict.

## III.

■ Plaintiff's final argument is that the evidence was insufficient to support the jury's finding that plaintiff intended to evade gift taxes by filing a fraudulent gift tax return. Plaintiff maintains she did not commit fraud merely because she filed a gift tax return that did not include the twenty-nine transfers of stock.

■ Section 6653(b) of the Internal Revenue Code permits a penalty for the fraudulent filing of a gift tax return. The IRS bears the burden of proving fraud by clear and convincing evidence. *Zell v. Commissioner*, 763 F.2d 1139, 1142 (10th Cir.1985). Fraud may never be presumed. *Davis v. Commissioner*, 184 F.2d 86, 87 (10th Cir.1950).

■ "Fraud implies bad faith, intentional wrong doing and a sinister motive." *Id.* "Fraud means 'actual, intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing.'" *Zell*, 763 F.2d at 1142–43 (quoting *Mitchell v. Commissioner*, 118 F.2d 308, 310 (5th Cir.1941); *Pavlic v. Commissioner*, T.C. Memo. 1984–182). "The required state of mind is one which, 'if translated into action, is well calculated to cheat or deceive the government.'" *Id.* at 1143 (quoting 10 Mertens, *Law of Federal Income Taxation* § 55.10 at 46 (1984)). Fraud can be inferred from conduct which would likely have the effect of misleading

or concealing. *United States v. Walton,* 909 F.2d 915, 926 (6th Cir.1990).

The evidence indicated that plaintiff was a sophisticated taxpayer. She knew of the $10,000.00 annual gift tax exclusion and that for a gift to be complete the donor had to relinquish dominion and control over the property. Plaintiff knew that decedent wished to avoid gift taxes and intended that the stock return to the family. To further decedent's plan to avoid taxes, plaintiff contacted various initial stock recipients to determine whether they would be willing to effectuate retransfer of stock to family members. Other initial recipients, whom she had not previously contacted, were asked at the time the stock was transferred to them to sign their names to blank stock certificates to facilitate a stock transfer to family members. Each of the retransfers took place within a short time period after the initial transfers.

Before the transfers, decedent and plaintiff admitted to the president of St. John National Bank that they intended to transfer stock to intermediate recipients, who would endorse stock certificates so the stock could be reissued to decedent's family. Also prior to the transfers, plaintiff and her accountant had an informal discussion about the stock transfers. When plaintiff indicated that the transfers were being done for estate planning purposes, the accountant indicated the transaction was not estate planning but "that there is another name for it." The jury could reasonably determine that plaintiff knew the other name was fraud.

As a whole, the time and manner of the transfers and plaintiff's actions, along with her sophistication regarding the tax matters at issue, are consistent with a finding that she intended to evade taxes. *See Laurins v. Commissioner,* 889 F.2d 910, 913 (9th Cir.1989); *Plunkett v. Commissioner,* 465 F.2d 299, 303 (7th Cir.1972); *Stoltzfus v. United States,* 398 F.2d 1002, 1005 (3rd Cir.1968), *cert. denied,* 393 U.S. 1020, 89 S.Ct. 627, 21 L.Ed.2d 565 (1969). Furthermore, her implausible explanations are additional indications of fraud. *See United States v. Walton,* 909 F.2d at 926.

 Plaintiff contends she is not liable for the fraud penalty because she, after allegedly disclosing everything to her attorney, merely relied on his advice regarding the gift tax return. Even if plaintiff relied on her attorney, the reliance is not a defense to fraud. *Cf. United States v. Boyle,* 469 U.S. 241, 250–52, 105 S.Ct. 687, 692–93, 83 L.Ed.2d 622 (1985) (taxpayer cannot rely on attorney if taxpayer is competent to determine there is error); *Davis v. Commissioner,* 184 F.2d at 88 (taxpayer not liable for fraud penalty when taxpayer was unaware return was false and taxpayer had fully disclosed all necessary information to tax expert). Plaintiff knew what she was doing, and any reliance on her attorney was not in good faith. *See Heyen,* 731 F.Supp. at 1493–94. The jury did not err in finding she was liable for the fraud penalty.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.