In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3333

LAVONNA J. STINSON ESTATE,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend
Division.
No. 3:97CV0455RM--Robert L. Miller, Jr., Judge.

ARGUED April 5, 2000--DECIDED May 26, 2000

Before MANION, KANNE, and EVANS, Circuit
Judges.

EVANS, Circuit Judge.  Lavonna Stinson
owned valuable farmland in Fulton County,
Indiana. In June 1981 she and her five
children and two grandchildren
incorporated as Stinsons, Inc. Ms.
Stinson then sold 267 acres of farmland
to the corporation for $398,728 to be
paid in monthly payments of $2,856.62
over 20 years. The children and
grandchildren exchanged their interest in
160 acres of farmland for 600 shares of
Stinsons' stock--100 to each child and 50
to each grandchild. The board of
directors consisted of all seven
shareholders and Ms. Stinson, who never
was a shareholder but became president
and chairman of the board.

Under the corporation's bylaws,
corporate property could be sold only if
the sale was approved by the holders of
at least 67 percent of the outstanding
stock and by at least two-thirds of the
members of the board of directors. Under
the law of Indiana governing business
corporations, because the articles of
incorporation did not address the
corporation's authority to declare

dividends, Stinsons could declare them only with the consent of a majority of board members. See Indiana Code sec.sec. 23-1-28-1.

From 1982 until 1985 Ms. Stinson forgave $147,000 in principal indebtedness on the sale of the land to the corporation ($30,000 in 1982; $50,000 in 1983; $25,000 in 1984; and $42,000 in 1985). Stinsons, Inc. sold the farmland at various sales during 1990 and converted the assets to cash; the corporation dissolved in August 1990.

After Ms. Stinson died, the IRS audited her estate and determined that the forgiveness of indebtedness did not qualify for the $10,000 per donee exclusion from the gift tax, which the Estate had claimed, because it was not a gift of a present interest. The Estate filed a protest with the IRS and lost. It then paid the deficiency and filed a claim for refund, which the IRS also denied. This case followed. The district court considered cross-motions for partial summary judgment and upheld the IRS' position. The Estate appeals, and we now review the issue de novo. Pipitone v. United States, 180 F.3d 859 (7th Cir. 1999).

The Internal Revenue Code imposes a tax on the transfer of property by gift, 26 U.S.C. sec. 2501(a). Section 2511(a) says that the tax applies whether the transfer is direct or indirect and whether the property is tangible or intangible. A transfer by gift from an individual to a corporation is an indirect gift from the individual to the corporation's shareholders for gift tax purposes. 26 C.F.R. sec. 25.2511-1(h)(1). The forgiving of a debt constitutes a transfer of property. 26 C.F.R. sec. 25.2511-1(a). Under sec. 2503(b) a donor does not pay gift tax on the first $10,000 of gifts, "other than gifts of future interests in property," made to any person during the calendar year. A "future interest" is a

legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time.

Treas. Reg. sec. 25.2503-3. The regulation also provides that a present interest in property is "[a]n unrestricted right to the immediate use, possession, or enjoyment of property or the income from property (such as a life estate or term certain)." The first issue before us is whether the forgiveness of indebtedness here is a gift of a present interest subject to the exclusion.

The Estate argues, of course, that the gift is subject to the exclusion: the gift resulted in a balance sheet improvement; the net worth of Stinsons, Inc. was increased by the amount of the debt reduction and the gift resulted in an increase to the shareholders in their stock value. The IRS sees it differently. It says that while a gift to the corporation is an indirect gift to the shareholders, the shareholders have received a gift of a future, not a present, interest. They can obtain the use or enjoyment of the property only through the liquidation of the corporation or the declaration of a dividend. The shareholders do not have present individual control over the property. For that reason, the IRS contends that the $10,000 exclusion per donee does not apply.

The precise issue is one of first impression in our circuit. We approach the issue keeping in mind that Internal Revenue Code provisions dealing with deductions, exemptions, and exclusions are matters of legislative grace. Templeton v. Commissioner, 719 F.2d 1408 (7th Cir. 1983). The exclusion must be narrowly construed, and the Estate has the burden of showing that the gift is not in fact a gift of a future interest. Commissioner v. Disston, 325 U.S. 442 (1945). A look at the issue through the prism of the statute and the Treasury regulations leads us to the conclusion that the gift in this instance is an indirect gift to the shareholders of a future interest; therefore, it does not qualify for the exclusion.

Treasury Regulation sec. 25.2503-3 provides that the exclusion applies only to gifts of present interests which, as we just observed, involve an "unrestricted right to the immediate use, possession, or enjoyment" of the

property. The gift in this case involved postponement of enjoyment. It is true that the gift may have increased the value of the corporation or the value of the stock. However, the shareholders could not individually realize the increase without liquidating the corporation or declaring a dividend. Neither of those acts could occur upon the actions of any individual. As we have said, corporate property could be sold only with the approval of the holders of 67 percent of the stock and by two-thirds of the members of the board of directors. Dividends could be declared only with the consent of a majority of board members. The gift of forgiveness here was a gift of a future interest.

Our conclusion is consistent with Ryerson v. United States, 312 U.S. 405 (1941), United States v. Pelzer, 312 U.S. 399 (1941), and Helvering v. Hutchings, 312 U.S. 393 (1941), a trio of cases involving the gift tax as it relates to gifts made to trusts. The Court established that the gift to a trust is, in fact, a gift to the beneficiaries. Then, in Pelzer and Ryerson, it faced the question of whether the gifts were of present interests and thus subject to the exclusion. Relying in part on Treasury regulations and determining that their promulgation was within the competence of the Treasury, the Court determined that because the beneficiaries had no right to the present enjoyment of the gifts, they were not gifts of present interests. Or, as we have said in a case involving a trust, the "sole statutory distinctionbetween present and future interests lies in the question of whether there is postponement of enjoyment of specific rights, powers or privileges which would be forthwith existent if the interest were present." Howe v. United States, 142 F.2d 310, 312 (7th Cir. 1944), quoting Commissioner v. Glos (Gloss), 123 F.2d 548 (7th Cir. 1941). We think the analysis applies as well to gifts to a corporation.

Other courts have arrived at just that conclusion. Heringer v. Commissioner, 235 F.2d 149 (9th Cir. 1956), involved a transfer of stock to a family corporation, shares in which were held by two sets of partners and their children. The court skipped the question as to whether gifts which were made were in

fact gifts to children/shareholders, rather than a gift to the corporation. By analogy to Ryerson and Hutchings, the court said it did not matter because in any case the gifts were of future interests and therefore did not entitle the donors to the exclusions. A postponement of the enjoyment of the property or a condition attached to the possession of the property makes the gift a gift of a future interest.

The court in Chanin v. United States, 393 F.2d 972 (Ct. Cl. 1968), also found that a gift to a corporation, though it was, in fact, a gift to the shareholders, was a gift of a future interest. The donees did not have an immediate right to use the property in the absence of liquidation or some joint action of a majority of the shareholders. In Georgia Ketteman Trust v. Commissioner, 86 T.C. 91 (1986), the court rejected arguments made in the present case that the donees comprised the entire membership of the board of directors and thus could have authorized a corporate dividend or liquidation of the corporation. The gift was nonetheless found to be a gift of a future interest. As the Court of Appeals for the Eighth Circuit has explained:

Unless the donee is entitled unconditionally to the present use, possession, or enjoyment of the property transferred, the gift is one of a future interest for which no exclusion is allowable under the statute.

French v. Commissioner, 138 F.2d 254 (1943).

The other issue raised in this case involves the value of the gift:  Is it the increase in the value of the shares each person held or the value to the donor of the amount of the loan forgiven? The answer given by the Treasury regulations is that the gift tax is "an excise upon [the donor's] act of making the transfer [and] is measured by the value of the property passing from the donor . . . ." Treas. Reg. sec. 25.2511-(2)(a); Robinette v. Helvering, 318 U.S. 184 (1943); Citizens Bank & Trust Co. v. Commissioner, 839 F.2d 1249 (7th Cir. 1988). Here the value of the taxable gift was the $147,000 forgiveness of the debt. The fact that there would be other ways of valuing the gift from the point of

view of the donees is not controlling.

The judgment of the district court is AFFIRMED.