## WELCH v. PAINE et al.

### No. 3798.

Circuit Court of Appeals, First Circuit.

Oct. 22, 1942.

Edward H. Hammond, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., Gerald L. Wallace and Lyle M. Turner, Sp. Assts. Atty. Gen., and Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Attys., both of Boston, Mass., for appellant.

James W. Mudge and Ropes, Gray, Best, Coolidge & Rugg, all of Boston, Mass., for appellees.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge.

Appellees, as executors of the estate of Mrs. Ruth F. W. Paine, have prevailed in the court below in a suit to recover an alleged overpayment of gift taxes for the year 1934. On this appeal the issue is whether the gifts in question were of "future interests in property" within the meaning of § 504(b) of the Revenue Act of 1932, 47 Stat. 169, 247.[1] If they were, the Commissioner was right in disallowing to Mrs. Paine multiple exclusions of $5,000 (one for each beneficiary) in calculating her taxable "net gifts" for 1934; and no overpayment has been made.

On September 15, 1934, Mrs. Paine created five irrevocable trusts. Each of the five married children of the settlor was designated as the trustee in one of the trusts for the benefit of his or her children, respectively, "now living or hereafter born, in equal shares." At the time the trusts were created, the beneficiaries, then eighteen in number, were all under twenty-one years of age.

The terms of the several trusts were identical in form. In each trust instrument it was provided that the trustee "in his discretion . . . may accumulate or withhold and make payments or distributions of shares and income to or for the education or support of any of your children as the trustee may deem best * * *." Further it was provided that in the discretion of the trustee "any such child may be given outright at any time in whole or in part his or her share in the trust figured on the number of your children then living"; that on the death of any such child "the trustee shall promptly pay outright his or her then share to his or her estate and promptly after the death of the survivor of your children now living shall finally pay over any shares then remaining and thus terminate the trust not later than one year after the death of such survivor."

We think the present case is controlled by our decisions in Welch v. Paine, 1941, 120 F.2d 141, and Commissioner v. Brandegee, 1941, 123 F.2d 58. Counsel for the taxpayer has made a valiant, but to us unconvincing, attempt to distinguish the earlier cases.

Section 504(b) contained no specific reference to gifts in trust. In providing an exemption or exclusion of $5,000 in respect of each gift, Congress had particularly in mind "to obviate the necessity of keeping an account of and reporting numerous small gifts, and, on the other, to fix the amount sufficiently large to cover in most cases wedding and Christmas gifts and occasional gifts of relatively small amounts." S. Rep. No. 665, 72d Cong., 1st Sess. (1932) p. 41. After numerous court decisions had applied the exclusion to gifts in trust, Congress in § 505 of the Revenue Act of 1938, 52 Stat. 565, specifically withdrew the benefit of the $5,000 exclusion from all gifts in trust.

Article 11 of Treasury Regulations 79, 1933 ed., provided:

"A future interest in property is any interest or estate in property, whether vested or contingent, which is limited to commence in use, possession, or enjoyment at some future date or time."

This regulation received the approval of the Supreme Court in United States v. Pelzer, 1941, 312 U.S. 399, 404, 61 S.Ct. 659, 85 L.Ed. 913, and accords with § 153, comment e, Am. L. Inst. Restatement of Property, which states that the contrast between future interests and present interests "rests upon the postponement, in the case of a 'future' interest, of some of the separate rights, powers or privileges which would be forthwith existent if the interests were 'present.'" In Charles v. Hassett, D.C. Mass.1942, 43 F.Supp. 432, 434, it was suggested that "Congress, though it did not speak clearly, may have meant to exclude from the gift tax only those gifts which the donee received and was free to dispose of during the taxable year." We have not read the exclusion or exemption quite so narrowly; in Commissioner v. Brandegee, 1941, 123 F.2d 58, 62, we held the exclusion

---

[1] Section 502, 47 Stat. 246, imposes a tax upon "net gifts," a phrase which is defined as follows:

"§ 504. Net Gifts

"(a) General Definition. The term 'net gifts' means the total amount of gifts made during the calendar year, less the deductions provided in section 505.

"(b) Gifts Less than $5,000. In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." 26 U.S.C.A. Int. Rev. Acts, pages 580, 585.

to be applicable to a gift in trust of an immediate life interest in income. However, in this and other circuits, the exclusion has been denied where the trust beneficiary was not given an absolute right to the immediate enjoyment of the income but application of the income for his benefit was subject to the discretion of the trustee. Welch v. Paine, 1 Cir., 1941, 120 F.2d 141; Commissioner v. Brandegee, 1 Cir., 1941, 123 F.2d 58; Helvering v. Blair, 2 Cir., 1941, 121 F. 2d 945; Commissioner v. Taylor, 3 Cir., 1941, 122 F.2d 714; Commissioner v. Phillips' Estate, 5 Cir., 1942, 126 F.2d 851; Commissioner v. Gardner, 7 Cir., 1942, 127 F.2d 929.

Counsel seek to distinguish these cases on the ground that in them the settlor's basic or primary purpose was the accumulation of the income for future distribution with only a subordinate or incidental authority in the trustee to make advancements of current income as he might deem advisable for the support and maintenance of a beneficiary. In the case at bar it is said that the settlor's primary purpose is "that the discretionary powers of the fiduciary are to be exercised, from the very moment of the gift, with a view to the current needs of the beneficiaries"; in such a case, the argument goes, the interest of the beneficiaries cannot be considered as limited to commence in enjoyment at some future time.[2] The wording of the statute affords no basis for such a distinction; its application in the administration of § 504(b) would make for uncertainty and confusion, depending as it would upon a weighing of the relative emphasis placed by the settlor on accumulation and current distribution in defining the trustee's discretionary power.

Here the beneficiaries were not given the absolute right to present enjoyment of the income nor to present possession or enjoyment of the corpus. These rights were limited to commence at some future time, conditional upon the exercise by the trustee of his discretionary powers. The beneficiaries might even reach twenty-one years of age and die some years thereafter without ever coming into enjoyment either of income or principal—in this respect the present case is, if anything, stronger for the Government than Welch v. Paine, 1 Cir., 1941, 120 F.2d 141 (where the share of each beneficiary was to be paid over to him upon reaching twenty-one). If the trustee should decide to pay over to a beneficiary the whole of his share of the corpus upon his attainment, say, of twenty-five years of age, the interest which such beneficiary would then come to enjoy would obviously be different from the interest of which he came into enjoyment at the creation of the trust. It is true that the trustee from the outset was given discretionary power to pay income or principal to the beneficiaries; and the right of the beneficiaries to receive such income or principal at any time the trustees should choose to give it to them is no doubt a kind of interest of which a court of equity may take cognizance. But if it may be called a present interest there is still the difficulty that such an interest is inherently incapable of valuation. See Commissioner v. Brandegee, 1 Cir., 1941, 123 F.2d 58, 61. Indeed, there is nothing in the present record to indicate that the parents of the beneficiaries were unable or unwilling to support and educate their children. At the very least, this would have to be shown before a court of equity would compel the trustee to exercise his discretionary power in favor of the beneficiaries. See Am. L. Inst. Restatement of Trusts, § 187 and comments thereto. Thus, whether the enjoyment of income or principal might arise from a future act of the trustees or from a change in the economic circumstances of the parents of the beneficiaries, such beneficiaries, as of the date of the gift, did not receive the right to immediate beneficial enjoyment of any part of the income or principal.

The judgment of the District Court is reversed and the case is remanded to that court with directions to enter judgment for the defendant.

---

[2] Paragraph 6 in each of the trust instruments gives the trustee certain powers to amend the deed of trust. This provision, as we read it, would empower the trustee so to amend the deed of trust as to make mandatory the accumulation of income until the beneficiaries reach a certain age. Since it is unnecessary to rely on this provision we refrain from setting it forth and analyzing its terms.