MARY M. HUTCHINGS, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95359.   Promulgated March 2, 1943.

*Thomas W. Lain, Esq.*, for the petitioner.
*Samuel B. Winstead, Esq.*, for the respondent.

#### OPINION.

ARNOLD, *Judge:* Originally this proceeding involved the number of $5,000 exclusions to which petitioner was entitled in determining her gift tax liability for 1935.   Our determination that she was entitled to but one $5,000 exclusion, 40 B. T. A. 27, was reversed by the Circuit Court of Appeals for the Fifth Circuit in *Hutchings* v. *Commissioner*, 111 Fed. (2d) 229, which held that the gifts in trust were to be treated as seven gifts and allowed petitioner seven $5,000 exclusions.   In *Helvering* v. *Hutchings*, 312 U. S. 393, the Supreme Court of the United States affirmed the Circuit Court, but in so doing pointed out that it did not consider whether the gifts to the beneficiaries were of future interests, as that question was not presented by the petition for certiorari.   The opinion then states:

* * *   But our judgment will be without prejudice to consideration of that question [future interests] by the Board of Tax Appeals upon the remand to it if, under the rules and procedure governing proceedings before the Board, the Commissioner is free to present the question there.

Thereafter the Circuit Court of Appeals amended its judgment and issued an amended mandate to the Board in accordance with the opinion of the Supreme Court.   Pursuant thereto respondent moved to vacate and set aside the Board's opinion at 40 B. T. A. 27, to grant a rehearing, and to permit him to amend his answer so as to raise the question of whether the gifts in trust were gifts of future interests. He also requested an increase in the gift tax deficiency for 1935 from $2,981.05 to $3,318.55 because he had allowed one $5,000 exclusion in determining the original deficiency.   Petitioner opposed the amend-

ment and moved for judgment upon the ground that the Circuit Court of Appeals had already decided that the gifts were gifts of present interests, and not future interests, and that the stipulated facts plainly showed that the beneficiaries took present interests. After considering the oral arguments and briefs of counsel, respondent's motion was granted and petitioner's motion was denied. Thereafter petitioner filed her reply to the amended answer. Hearing was duly had on October 19, 1942, on the sole issue presented by the amended pleadings, viz., whether the gifts in trust were gifts of future interests under 504 (b) of the Revenue Act of 1932. No additional evidence was presented at this hearing, both parties electing to stand on the original stipulation of facts. Only the facts deemed pertinent to a determination of the issue are hereinafter set forth.

The petitioner resides in Galveston, Texas. By an indenture of trust executed on December 30, 1935, she conveyed to two of her sons, John H. and Robert K. Hutchings, as trustees, all of her right, title, interest, and estate in certain therein described real and personal property. The trustees were to receive, hold, manage, invest, and reinvest all property then or thereafter conveyed, with full power (1) to sell, transfer, lease, or exchange all or any part of the property, to enter into agreements for its sale and conveyance, to provide for its partition and division, to pay all taxes and expenses of administration, to execute oil, gas, or mineral leases, or to sell all of the mineral estate in the property, to collect and receive all bonuses, rentals, royalty, and other payments under leases or conveyances thereof, and to convert the realty into personalty or cash, or vice versa, "but no investments or reinvestments of any of the trust property shall be made by the Trustees without the written consent of a majority in interest of the beneficiaries of the trust hereby created"; (2) to collect, receive, and recover all of the interest, rents, revenues, royalties, income, and profits from the property and, after deducting and paying proper and necessary expenses and taxes, to apply the income and principal thereof as thereinafter provided.

Paragraph (3) of the trust indenture provided:

The entire net income, interest, rents, profits and revenues shall, in the sole and absolute discretion of the Trustees, be either held and accumulated by them, and added to and become a part of the principal of the trust, or in their sole and absolute discretion may be distributed by the said Trustees to the beneficiaries hereinafter named, according to the said beneficiaries' respective interests therein, at such times and in such amounts as the Trustees may deem necessary or advisable.

Upon the sale of any personalty or realty, or upon payment of vendor's lien notes, the trustees were required to distribute the cash proceeds to the beneficiaries, whether such proceeds and payments rep-

resented principal' or income, but the trustees were authorized "in their discretion" and without the beneficiaries' consent to reserve a sufficient amount of cash to be reinvested in good income producing securities to provide for payment of taxes, commissions, and other charges and operating expenses.

The trust was created for the use and benefit of petitioner's seven children, including the two trustees, equally, share and share alike, and all distributions of income or principal were to be made to them. If any beneficiary died before termination of the trust such deceased beneficiary's share was to be held, managed, and controlled by the trustees for the use and benefit of the person or persons designated by the will of the deceased beneficiary. In default of appointment his or her interest in the trust estate vested in the decedent's heirs at law as determined by the laws of descent and distribution in Texas and was to be administered by the trustees "in accordance with the terms and conditions herein set out until the termination of the trust, as herein provided, or until previous distribution or liquidation, if any, shall be made."

The trust was to cease, end, and determine on March 1, 1957, unless sooner terminated by final division and distribution of the trust property. Upon termination any and all property was to be paid over and delivered to the then beneficiaries according to their respective interests therein.

Neither principal nor income of the trust was to be liable for the debts of any beneficiary nor subject to seizure by any creditor of a beneficiary. No beneficiary had the power to sell, assign, transfer, convey, encumber, or in any other manner dispose of or anticipate his or her interest in the trust property or income, or any divisions or distributions thereof.

The grantor had no power to revoke the trust, nor did she have the power to revest in herself any part of the trust income or principal.

In determining the deficiency for 1935 respondent allowed a specific exemption of $50,000 and one exclusion of $5,000..

In view of the affirmative allegations in his amended answer respondent has the burden of proving that the gifts in trust were gifts of future interests. If he sustains this burden petitioner will be deprived of all $5,000 exclusions and respondent will be entitled to an increased deficiency because he erroneously allowed one $5,000 exclusion in determining the original deficiency. Respondent relies upon the provisions of the trust indenture and the decided cases to support his contention that the beneficiaries' right to possession and enjoyment of both income and principal of the trust was dependent upon future contingencies. His first point is that under paragraph (3), *supra*, it was within "the sole and absolute discretion of the Trustees"

whether income, etc., should be held and accumulated and added to principal, or distributed to the beneficiaries in accordance with their respective interests at such times and in such amounts as the trustees deemed necessary and advisable. He cites *Welch* v. *Paine* (C. C. A., 1st Cir.), 120 Fed. (2d) 141; *Commissioner* v. *Boeing* (C. C. A., 9th Cir.), 123 Fed. (2d) 86; and *Welch* v. *Paine* (C. C. A., 1st Cir.), 130 Fed. (2d) 990, as establishing his first point.

Secondly, respondent contends that possession and enjoyment of income and principal were dependent upon a future contingency because if any beneficiary died prior to the termination of the trust the deceased beneficiary's share of the trust property was to be held, managed, and controlled by the trustees for the use and benefit of the person or persons designated by the will of the deceased beneficiary, and, in default of such appointment, the deceased beneficiary's interest vested in decedent's heirs at law under the laws of Texas, which interest was to be administered by the trustees under the terms of the trust until termination thereof, or until previous distribution or liquidation, if any. Since distribution of income or corpus was left solely within the discretion of the trustees, respondent asserts that the gifts were of future interests under our decisions in *Annie B. Smith*, 45 B. T. A. 948; *Winston Paul*, 46 B. T. A. 920; and *Lillian Seeligson Winterbotham*, 46 B. T. A. 972.

Petitioner contends that the trust provisions establish the gifts to be present and not future interests because the trustees, who were also beneficiaries, were given the very broadest of powers in management and administration of the trust and were required, upon sale of the trust corpus or any part thereof, to distribute the cash proceeds, whether principal or income, among the beneficiaries. She also contends that the purpose of the creation of the trust was for the liquidation of lands and not the perpetuation of the trust. Petitioner further urges that the quality of each beneficiary's interest has already been determined to be a present interest by the Fifth Circuit in *Hutchings* v. *Commissioner*, *supra*, at page 230, and therefore the question is *res adjuticata*. In support of her first contention petitioner relies upon *Smith* v. *Commissioner* (C. C. A., 8th Cir.), 131 Fed. (2d) 254, reversing our decision in *Annie B. Smith, supra*; *Commissioner* v. *Kempner* (C. C. A., 5th Cir.), 126 Fed. (2d) 853; *Commissioner* v. *Lowden* (C. C. A., 7th Cir.), 131 Fed. (2d) 127; and *Commissioner* v. *Brandegee* (C. C. A., 1st Cir.), 123 Fed. (2d) 58.

Article 11 of Treasury Regulations 79 (1933 Ed.) declares that "A future interest in property is any interest or estate in property, whether vested or contingent, which is limited to commence in use, possession, or enjoyment at some future date or time." This regulation was approved by the Supreme Court in *United States* v. *Pelzer*, 312 U. S.

399; *Ryerson* v. *United States*, 312 U. S. 405; and *Helvering* v. *Hutchings, supra.* The application of this definition of a future interest to the provisions of this trust convinces us that the gifts in trust were gifts of future interest.

Manifestly, the grantor herein gave the beneficiaries no present right to absolute possession and enjoyment of the trust income. She provided that the trustees should determine in their sole and absolute discretion whether income should be accumulated or distributed, and, if distributed, the trustees determined in their sole and absolute discretion the times when and the amounts that the beneficiaries were to receive. Furthermore, she gave the beneficiaries no present right to the trust corpus. True, such a right did accrue if and when the trustees sold any part of the trust corpus, i. e., to the extent of the cash proceeds from the sale and to the extent of payments made on any vendor's lien notes, but not otherwise. It is readily seen from the above quoted provisions of the trust indenture that the trustees, if they saw fit to do so, might accumulate all or any part of the trust income until termination of the trust in 1957, or they could distribute such amounts at such times as they deemed necessary and advisable to the beneficiaries. It is equally apparent that the beneficiaries' right to force distribution of cash proceeds and payments made on vendor's lien notes was postponed until such time as the trustees decided to and did sell a part or all of the trust corpus. Thus the beneficiaries' rights as to trust income and corpus were contingent upon the happening of future events and their interests were future interests within the meaning of section 504 (b) of the Revenue Act of 1932. *Commissioner* v. *Estate of Louis Phillips* (C. C. A., 5th Cir.), 126 Fed. (2d) 851; *Welch* v. *Paine* (C. C. A., 1st Cir.), 130 Fed. (2d) 990; *Winston Paul, supra; and Lillian Seeligson Winterbotham, supra.* See *Ryerson* v. *United States, supra,* as to trustees who were also beneficiaries, and whose enjoyment of their beneficial interests was postponed until such time as both joined in the exercise of their powers as trustees.

In *Welch* v. *Paine,* last cited, the Circuit Court of Appeals stated that the $5,000 exclusion "has been denied where the trust beneficiary was not given an absolute right to the immediate enjoyment of the income but application of the income for his benefit was subject to the discretion of the trustee." Numerous decisions by other Circuit Courts of Appeal, as well as its own prior decisions, were cited by the court in support of this rule.

The decision of the Eighth Circuit in *Smith* v. *Commissioner,* 131 Fed. (2d) 254, reversing 45 B. T. A. 948, is in our opinion distinguishable. There the court held that present interests were given the beneficiaries even though the trustees were empowered and directed in their sole discretion to use principal and income of the trust for the

education and preparation of minor grandchildren for their positions in life and to pay each grandchild his or her undivided share upon attaining age 24. The court pointed out, however, that the discretion vested in the trustees was merely for the purpose of carrying out the command of the settlor; and that such discretion did not give authority to the trustees to set aside the settlor's express purpose of educating and preparing the grandchildren for their stations in life. The court further pointed out that not only was there no provision for accumulation or postponement in the trust instruments, but that the dominant purpose of the settlor repels the idea of either.

In *Fisher* v. *Commissioner*, 132 Fed. (2d) 385, the Ninth Circuit criticized the decision in the *Smith* case, *supra*, as resting "on an insecure foundation," but stated that the case was distinguishable on its facts. We think the present proceeding is likewise distinguishable from the *Smith* case on its facts, and that we are not controlled by the decision therein. Similarly the *Lowden* and *Kempner* cases, *supra*, cited by petitioner, are distinguishable on their facts. The *Brandegee* case, *supra*, cited by petitioner, supports our decision herein.

One other argument advanced by petitioner deserves comment, namely, whether the nature of the beneficiaries' interest is *res adjudicata* because of the Circuit Court's statement that "the gift is not to the trustees, but a *present* one to the beneficiaries, * * * " (Emphasis supplied.) We can not agree that this language settled the nature of the interest given the beneficiaries, particularly in view of the subsequent decision by the Supreme Court of the United States that its determination did not cover the question of future interests as that question was not presented; and that its judgment was without prejudice to consideration of the question if, under the Board's rules and procedure, the matter could be considered. Furthermore, if it can be said that the Circuit Court did originally determine that the gifts were present interests, then it must be recognized that the Circuit Court has since amended its judgment pursuant to the Supreme Court's opinion and has issued an amended mandate to the Board which authorized consideration of whether the gifts were of present or future interest, if the matter could be considered under our rules of practice and procedure. The doctrine of *res adjudicata*, therefore, has no application to the circumstances herein.

In view of our determination that the gifts were gifts of future interests we hold that respondent has sustained his burden and is entitled to the increased gift tax deficiency for 1935 of $3,318.55, in accordance with his amended answer, and decision will be entered accordingly.

*Decision will be entered that there is a deficiency of $3,318.55 in gift tax for 1935*