OPINION. Leech, Judge: Our finding that the intent of petitioner in procuring the two annuity contracts, as set out m our findings, was to provide additional compensation for services rendered by the annuitant under those contracts answers the first question involved in the issue of whether or not these annuities constituted gifts by petitioner. The payment as additional compensation for services can not be a gift, since it was intended to be and was additional consideration for those services. Poorman v. Commissioner, 131 Fed. (2d) 946; Willkie v. Commissioner, 127 Fed. (2d) 953; Fisher v. Commissioner, 59 Fed. (2d) 192; Noel v. Parrott, 15 Fed. (2d) 669; Schumacher v. United States, 55 Fed. (2d) 1007. The fact that the services were rendered during years prior to the payment of compensation therefor does not affect that conclusion here. Lucas v. Ox Fibre Brush Co., 281 U. S. 115. Cf. Bogardus v. Commissioner, 302 U. S. 34. We accordingly hold that the cost to petitioner of the two annuity contracts, exclusive of the refund provision, or a total of $42,687, was additional compensation paid by petitioner to Mrs. Graeme and not a gift. The second question has to do with the refund provisions. These provisions, included by petitioner in the two annuity contracts at a total cost of $4,629.60. are entirely different in character. The beneficiaries under these provisions were the sisters and children of the petitioner. No consideration was even claimed by petitioner as passing from the beneficiaries to her and donative intent in the inclusion of these provisions in the two contracts is clear. We hold that the cost of these refund provisions, in the total amount of $4,629.60. was a gift. Since the enjoyment of the interests represented by the payments to be made under these provisions of both contracts was contingent upon the death of the annuitant prior to her receipt of monthly payments totaling less than the cost of the contracts, these gifts are of future interests with respect to which petitioner is not entitled to an exclusion under section 505 (b) of the Revenue Act of 1938. United States v. Pelzer, 312 U. S. 399; Fletcher Trust Co., Trustee, 1 T. C. 798; Mary M. Hutchings, 1 T. C. 692. Decision will be entered under Rule 50.