## HUTCHINGS–SEALY NAT. BANK OF GALVESTON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10757.

Circuit Court of Appeals, Fifth Circuit.

March 7, 1944.

Thomas W. Lain and James G. Howard, both of Galveston, Tex., for petitioner.

Elizabeth B. Davis, Sewall Key, and J. Louis Monarch, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, both of Washington, D.C., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Mary M. Hutchings in 1935 by deed made an irrevocable conveyance of property to two of her sons for the benefit of themselves and five other of her children, all adults. In settling the gift taxes the Commissioner allowed only one exclusion of $5,000, holding the trust to be the single donee. This court reversed, holding there were seven donees and there should be seven exclusions. Hutchings v. Commissioner, 5 Cir., 111 F.2d 229. The Supreme Court affirmed, but without prejudice to a consideration by the Board of Tax Appeals of the question whether the gifts were not of future interests, so as to cut off any exclusion. 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909. This court then amended its mandate to the Board so as to provide for a redetermination of the tax "without prejudice to consideration by the Board of Tax Appeals of the question whether the gifts to the beneficiaries in this case are of future interests which are excepted from the benefit of the $5,000 deduction allowed by Section 504(b) of the Revenue Act of 1932 [26 U.S. C.A.Int.Rev.Acts, page 585]." The Board, which had become the Tax Court, found that the gifts were all of future interests, with no exclusion allowable, and entered a decision redetermining the tax on March 2, 1943. Mary M. Hutchings died May 14, 1943. Hutchings-Sealy National Bank qualified as her executor on May 31, 1943, and the same day filed this petition to review the decision of the Tax Court.

■■ The respondent moves to dismiss the petition because the petitioner was not a party to the proceedings in the Tax Court, and has not been allowed to be substituted for Mary M. Hutchings in that court or this one. At the hearing petitioner moved to be substituted if necessary. We think no substitution is needed. The practice on appeals and writs of error is not a guide. The Board of Tax Appeals was created as an independent agency in the executive branch of the government and was continued as such by the Internal Revenue Code, § 1100, 26 U.S.C.A.Int.Rev.Code, § 1100. It was not a judicial tribunal. Old Colony Trust Co. v. Commissioner of Internal Revenue, Helvering, 279 U.S. 716, 725, 49 S.Ct. 499, 73 L.Ed. 918; Helvering

v. Ward, 8 Cir., 79 F.2d 381. Its name was changed to the Tax Court of the United States by the Act of Oct. 21, 1942, 56 Stat. 957, but its relation to the constitutional courts was not altered. A court review of its decisions is not by appeal or writ of error, but by a petition for review filed within a limited time in accordance with rules made by the reviewing court. Internal Revenue Code, §§ 1142, 1141(c) (2), 26 U.S.C.A.Int.Rev.Code, §§ 1142, 1141 (c) (2). The petition is the beginning of the case in court. The statute provides that it may be filed "either [by] the Commissioner or the taxpayer", § 1142. This executor became the taxpayer when it took office, for it became charged with the duty of paying the tax. It also had the right and duty to defend a wrongful claim. In its right as executor, without any preliminary order of the Tax Court or this Court, it was, within the time limited by statute, authorized to file this petition. No rule made by this court provides anything to the contrary. See Miller v. Commissioner, 9 Cir., 102 F.2d 476. The motion to dismiss is denied.

It was urged in the Tax Court and before us that in the former opinion of this court it was held that present and not future interests were given by this trust. That was not the question then presented, and it is probable that no decision of it was intended. But if the opinion can be so construed, the amended mandate withdrew it, for it expressly provided that the tax be redetermined without prejudice to the question whether the interests were or were not future.

The Tax Court rightly held all the interests given the beneficiaries to be future. Regulations 79, Art. 11, declare, "Future interests is a legal term and includes reversions, remainders and other interests and estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession or enjoyment at some future date or time." This definition was approved and illustrated in Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909; United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913; Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917. The deed here neither reserves nor gives any particular estate, to be followed by formal remainders, but the interest of each beneficiary is not present and absolute, either as to income or corpus, but depends on the future decision of the trustees, or the beneficiary's survival of the trust period. The trustees' control is virtually complete, with full powers of management and sale. As to the disposition of income the provision is: "The entire net income, interests, rents, profits and revenues, shall, in the sole and absolute discretion of the trustees, be either held and accumulated by them and added to and become a part of the principal of the trust, or in their sole and absolute discretion may be distributed to the beneficiaries hereinafter named, according to said beneficiaries' respective interests therein, at such times and in such amounts as the trustees may deem necessary or advisable". While the income thus belongs at all times to the beneficiaries their use and enjoyment of it does not begin unless and until the trustees so decide in the future. As to corpus, there is a provision that the proceeds of any sold shall be distributed upon collection, but again there is necessary a determination by the trustees as to what property shall be sold and when, if any. It is provided that neither income nor corpus shall be liable for the debts of a beneficiary, nor can they sell, incumber, or otherwise dispose of their interests in the trust in any way. The trust is limited to end in 1957 unless earlier distributed, and if any beneficiary dies before its termination his share is to go to persons appointed by his will, or in default of such appointment to his heirs. Thus by death before the trustees decide to distribute or sell anything a beneficiary may never possess or enjoy any benefit at all. The interests are both future and contingent. Commissioner v. Phillips' Estate, 5 Cir., 126 F.2d 851; Welch v. Paine, 5 Cir., 130 F.2d 990.

It is said the interests of the two trustees are not future nor contingent because they have at all times full control and can use and possess them any time they wish. Their powers as trustees are not to be confused with their interests as beneficiaries. As trustees they are to be guided by judgment and conscience, and they both must concur to act. Each cannot rightly do what as beneficiary he might prefer. The beneficial interest of each is precisely like that of every other beneficiary, and nothing can be done with one interest apart from all. Compare Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917.

The judgment of the Tax Court is affirmed.

WALLER, Circuit Judge (dissenting).

I do not believe that merely because the settlors of a trust have given trustees the highly essential and broadly discretionary power to manage the trust property for the use and benefit of numerous cestuis que trust the gift is necessarily one of future interest. The gifts here are irrevocable. It is true that the trust undertakes to give directions as to what will happen in case of death of a beneficiary before termination of the trust, but the directions are that the beneficiary may will the property, or, if he dies intestate, the property will go to his heirs. The directions are mere surplusage, and are no more than that which the law already prescribes. The power to will, and the power to pass to heirs by inheritance, is inconsistent with the correct concept of future interests. It is difficult to understand how the property could become a part of a deceased beneficiary's estate if such property had never vested, and was still in a state of suspense. When property is being lawfully, presently, and irrevocably held and managed by trustees for the use and benefit of another, it cannot be then truly said that the other does not have the present use or enjoyment of such property, even though he may not have the fullest use and enjoyment thereof. Under the regulation (quoted in the majority opinion), it is the time of the commencement of use—not the extent of the use.

My dissent in Fondren v. Commissioner of Internal Revenue, 5 Cir., 141 F.2d 419, recently decided by this Court but not yet reported, sets out some additional views on the question involved in the present case, which need not be repeated.