## ROBERTS v. COMMISSIONER OF INTERNAL REVENUE.

No. 10934.

Circuit Court of Appeals, Fifth Circuit.

July 7, 1944.

Harry C. Weeks and R. B. Cannon, both of Fort Worth, Tex., for petitioner.

Muriel Paul and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The taxpayer, Mrs. Dora Roberts, had in 1938 and the tax years 1939, 1940 and 1941, a widowed daughter, Mrs. Garrett, who had an adult son, Horace Garrett, and another widowed daughter, Mrs. Canter, who had two minor sons, Roger Ellwood Canter and Curtis Kendal Canter, aged nine and twelve years. During 1938 she applied to Aetna Life Insurance Company for a "guaranteed endowment annuity" policy for the benefit of each grandchild, and to the Connecticut Mutual Life Ins. Co., for a similar policy for the benefit of each grandchild, paying for each policy the first premium of $2,500, but not binding herself to pay future premiums. She did, however, pay like additional premiums on the policies for 1939, 1940 and 1941. These payments she included in gift tax returns and claimed as to each donee the exclusion provided by Internal Revenue Code, Sec. 1003(b) (2), 26 U.S.C.A. Int.Rev.Code, § 1003(b) (2). The exclusions were disallowed by the Commissioner because the gifts were "of future interests in property", and not allowable under that Section. The Tax Court upheld the resulting assessment. 2 T. C. 679. That decision is now under review.

Of the applicable Regulations 79, Art. 11, the Commissioner relies on that part which reads: "Future interests is a legal term, and includes reversions, remainders, and *other interests* or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, *which are limited to commence in use, possession or enjoyment* at some future date or time". The petitioner relies on the latter part: "The term has no reference to such *contractual rights* as exist in a bond, note (though bearing no interest until maturity) or in a policy of life insurance, the obligations of which are to be discharged by payment in the future". The petitioner also argues that Mrs. Roberts made simple gifts of money, presently complete, and the subsequent investment of them in the policies does not alter their nature.

The last stated contention, though good in law, is not true in fact. She could simply have given money to her adult grandson, or to a guardian or trustee for the minors, who might afterwards have invested it in the policies. This she did not do, but in 1938 took the money to the insurance companies and procured them to issue their policies to the grandchildren, and in the later years paid the money herself to the insurance companies and thereby increased the sums payable under the policies. In each case she obtained contractual obligations from the companies to her grandchildren and gave them those obligations. The money measured the value of the gifts, but did not constitute the thing given to the grandchildren.

The policies were not primarily life insurance policies, but annuity policies, under which in consideration of annual premiums paid for a series of years annuities would become thereafter payable under certain options to the annuitants. Each premium paid increased the payments to be made under the policy, but there was no forfeiture for nonpayment. When, therefore, Mrs. Roberts paid premiums after the first she in effect gave additional policies just like the first ones. The exact policy provisions and options are more fully stated in 2 T.C. 679, supra. It is sufficient here to say that normally the annuity payments were to begin many years in the

future, and if the annuitants died meanwhile a computable sum was to be paid instead to other named beneficiaries, including the daughters of Mrs. Roberts if living. There were provisions for accelerating the beginning of annuity payments for lessened amounts by action of these daughters, for the benefit of the annuitants, but no way in which the enjoyment of any benefit could commence in the tax year, or the near future, unless the annuitant should die, and then of course he would never enjoy any benefit. If no accelerating option were taken, and the contract were left to run its course, his death before the annuity payments were to begin would again defeat his enjoyment of the benefit. Therefore, while there is no "particular estate or benefit" reserved in Mrs. Roberts or created in anyone else, to which the enjoyment of the annuitants is postponed, so as to make a remainder estate or the like, still there is only a "future interest" given them so far as use and enjoyment is concerned, and there is a contingency of survival which, in connection with postponed enjoyment, was held in United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, and Ryerson v. United States, 312 U.S. 405, 61 S. Ct. 656, 85 L.Ed. 917, sufficient to make a gift one of a "future interest", within the meaning of Congress, though no particular intervening estate be created. See also Hutchins-Sealy Bank v. Commissioner, 5 Cir., 141 F.2d 422; Fondren v. Commissioner, 5 Cir., 141 F.2d 419. These gifts are therefore "limited" to commence in use and enjoyment at a future date. The "limitations" in the policy contract are as effectual to this end as if they were in a trust or other deed. The policy rights, though choses in action, are "property", within the meaning of the statute.

The part of Regulations 79 Art. 11, which declares that "future interests" has no reference to notes, bonds, and life insurance policies to be discharged in the future by payment, refers to simple, present gifts of such contractual obligations. We so held of gifts of notes of third persons payable in the future in Commissioner v. Kempner, 5 Cir., 126 F.2d 853. It may be true that if Mrs. Roberts had procured the insurance companies to contract to pay her grandchildren sums in the future, without conditions that might defeat their right before enjoyment and vest it in others, it would be a simple gift. It is the postponing of use and enjoyment, coupled with contingencies that may wholly defeat their right, which we understand makes these to be gifts of future interests, as the statute uses the term, according to the cases cited above.

The judgment is affirmed.