JOHN W. KIECKHEFER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 19326.    Promulgated August 10, 1950.

*Charles E. Prieve, Esq.*, for the petitioner.
*Harold H. Hart, Esq.*, for the respondent.

**OPINION.**

TURNER, *Judge:* It is the contention of petitioner that the gift made by him in trust in the taxable year for the benefit of his grandson was the gift of a present, not a future, interest within the meaning of section 1003 (b) (3) of the Internal Revenue Code and under the provisions of that section he is entitled to the exclusion therein provided from the total amount of the gift made. On the contrary the respondent contends that on the facts in this case the gift was the gift of a future interest and accordingly petitioner is not entitled to the exclusion claimed.

Beginning with *United States* v. *Pelzer*, 312 U. S. 399, and through *Ryerson* v. *United States*, 312 U. S. 405; *Fondren* v. *Commissioner*, 324 U. S. 18, and *Commissioner* v. *Disston*, 325 U. S. 442, the Supreme Court has made a plain, pointed and simple distinction between a present interest in property and a future interest for the purpose of applying the statutory provisions here in question. To have a present interest so as to be entitled to the exclusion claimed the donee not only

must have a vested interest but in addition "he must have the right presently to use, possess or enjoy the property," it being pointed out that the terms are not "words of art, like 'fee' in the law of seizin, *United States* v. *Pelzer, supra,* 312 U. S. at page 403, but connote the right to substantial present economic benefit." On the contrary the primary consideration in determining a future interest is the "question of time, not when title vests, but when enjoyment begins. Whatever puts the barrier of a substantial period between the will of the beneficiary or donee now to enjoy what has been given him and that enjoyment makes the gift one of a future interest." *Fondren* v. *Commissioner, supra.* And further, if there is postponement of enjoyment the statute is not to be applied differently "merely because in one case the period is under any eventuality for a certain, specified length of time, whereas in another it is of uncertain or indefinite length. The important thing is the certainty of postponement, not certainty of length of its duration."

But for the provisions of paragraph 13 of the trust instrument this case could be resolved for the respondent without further discussion under authority of *Fondren* v. *Commissioner.* There, as here, there was a grant to trust for the benefit of a beneficiary who was then a minor, provision being made that if in the judgment of the trustee necessary, the income and such of the corpus as might be required should be applied for the support, maintenance and education of the beneficiary, and the income not so needed accumulated. There, as here, the facts were that in so far as could be seen there would be no need to apply any of the income for the support, maintenance and education of the beneficiary, and, finally, the corpus, including the accumulations of income, were to be paid to the beneficiary as he should reach the ages of 25, 30, and 35. The court pointed out that even though the case was not one in which present enjoyment was wholly dependent "upon an exercise of the trustee's absolute discretion" in that, granting the existence of need on the part of the beneficiary, the trustee could not arbitrarily refuse to make application thereto of so much of the trust income and corpus as might be necessary, nevertheless, this fact did not show, as petitioner claimed, that the minor beneficiaries at the moment of the gift had a present right of enjoyment. "It rather shows the contrary—that their right was not absolute and immediate, but was conditioned, during minority and afterwards until the times specified for distribution, upon a contingency which might never arise. That contingency by the explicit terms of the trust, was the existence of need which was then nonexistent and, in the stated contemplation of the donors, was not likely to occur in the future, at any rate during the child's minority. The circumstances surrounding the donors and the donees confirm these recitals." Such being the case, the Court held

the gifts to have been the gifts of future interests within the meaning of the statute.

In *Commissioner* v. *Disston, supra*, the Supreme Court went even further saying "But, even though the trustees were under a duty to apply the income for support, irrespective of outside sources of revenue, there is always the question how much, if any, of the income can actually be applied for the permitted purposes. The existence of a duty so to apply the income gives no clue to the amount that will be needed for that purpose, or the requirements for maintenance, education, and support that were foreseeable at the time the gifts were made. In the absence of some indication from the face of trust or surrounding circumstances that a steady flow of some ascertainable portion of income to the minor would be required, there is no basis for a conclusion that there is a gift of anything other than for the future. The taxpayer claiming the exclusion must assume the burden of showing that the value of what he claims is other than a future interest."

From the facts of record we have no doubt that the intent of the petitioner as to the making of the gift and as to its enjoyment by the beneficiary was clearly reflected by the provisions of paragraph 5 of the trust agreement and, as so reflected, that his primary purpose was to provide some estate for his grandson at the age of 21, subject, however, to a contingent but unanticipated need in the interval. The provisions of paragraph 13 are a reflection of the efforts of petitioner's lawyer to superimpose on the gift conditions and limitations so as to make the gift a present interest in the property donated rather than a future interest. We do not say that it was not agreeable to petitioner that that result be accomplished if it could be done in harmony with his intent and purposes in making the gift or that in such circumstances petitioner is not entitled to the statutory exclusion if the provisions of paragraph 13 did actually make the beneficiary's interest in the trust property a present interest under the statute as construed by the above cited cases.

While in his brief petitioner's counsel has devoted some space and attention to the argument that the interest given was a present interest because paragraph 13 by specific language states that upon demand by "said John Irving Kieckhefer * * * by instrument in writing filed with the then trustee" he shall be entitled to all or any part of the trust estate, we think it apparent his case must stand or fall upon that part of paragraph 13 which provides that the beneficiary shall be entitled to all or part of the estate upon demand by instrument in writing of his "legally appointed guardian." Certainly no one could convincingly contend that an infant of six months was capable of making effective demand for any part of the estate, whether in writing or otherwise, and the situation would, we think, be the same even if

we should assume a minor two, four, six, eight, ten, or more years older than the beneficiary in this case.

With respect to the effect of paragraph 13 petitioner seeks to draw an analogy between the situation here and that which existed in *Ralph W. Conant*, 7 T. C. 453; *Eleanor M. Funk*, 7 T. C. 890, and *Edward Mallinckrodt, Jr.*, 2 T. C. 1128, affd., 146 Fed. (2d) 1, where beneficiaries of trusts were entitled to take or leave the income as they saw fit and it was held that there was realization of income for income tax purposes by constructive receipt. Even assuming that the logic and reasoning in those cases might be persuasive or even controlling in a case arising under the gift tax title of the Internal Revenue Code, the facts here are quite different. In those cases there was actually a person in being who not only had the right to take the income in question but was capable of making effective demand therefor and of receiving it for his or her own use and benefit. In the instant case there was no such person at the time of the gift and there was no such person up to the time of the trial. The provision here did not for instance place a present right of demand in the natural guardian or parents of the beneficiary but in "the legally appointed guardian" of the beneficiary's estate. Even where a gift is made, directly to the fathers of minor donees and as the guardians of such donees, without the intervention of a petition in court for the appointment of a legal guardian, it does not necessarily follow that the gift is a gift of a present interest rather than a gift of a future interest. The answer, as here, must turn upon the terms of the gift and the effect of those terms as to the rights of immediate or present enjoyment. See *Katherine Schumacher*, 8 T. C. 453, wherein it was held that gifts to minor children made directly to their fathers as guardians were gifts of future interests.

In *Ryerson* v. *United States*, where two adult trustees had a present right by joint action to take the property of the trust as their own it was held that their interests were future interests in that the exercising of the right required was the joint exercising thereof and that the interests were future interests even in the face of the general rule that a present power of disposition for one's own benefit is the equivalent to ownership, citing *Curry* v. *McCanless*, 307 U. S. 357 at page 370. See also *Spyros P. Skouras*, 14 T. C. 523, and *Howe* v. *United States*, 142 Fed. (2d) 310. At no time during the life of the trust in the instant case has there been anyone capable of making the demand prescribed in paragraph 13 for a part or all of the trust property and not only that but it cannot be said with any certainty that even though the beneficiary's father or mother or someone else in close relation to him should make application for the appointment of a legal guardian for the purpose of exercising the privileges prescribed in that paragraph, such efforts would be crowned with success. We know of no manner

in which a person may become a "legally appointed guardian" except by court action, upon a petition and a showing to the court of the need and justification therefor, and even then the appointment does not necessarily follow as a matter of course but results from the judgment of the court as to the minor's best interest. In *Downing* v. *Skluzacek*, 61 Arizona 322, 149 Pac. (2d) 680, the Arizona Supreme Court had before it a case in which it was held that the guardian had violated his fiduciary relationship. In discussing the relationship between guardian and ward under Arizona law the court pointed out that the Arizona code came from California and California decisions when not in conflict with Arizona law would be persuasive. The court cited in that connection a California case, *In re Reynolds Guardianship*, 141 Pac. (2d) 498, 501, 60 Cal. App. (2d) 669, wherein the definition of guardian-ward relationship was to the effect that "the guardian is, therefore, the trustee of its ward and exercises a delegated rather than an expressed trust as an arm of the court and subject to its control in the discharge of his duties." In that same connection it is to be noted that in *Hornaday* v. *Hornaday*, 213 Pac. (2d) 91, the California Court of Appeals had this to say: "The estate of a minor is in the custody of the Probate Court   *   *   *   the guardian when he pursues the administration of an estate according to law is an agent of the court, not its master." Such being the state of the law in Arizona certainly it may not be said that on the facts such as we have in the instant case the Arizona Probate Court would, as a matter of course, appoint a legal guardian for petitioner's grandson for the purpose of taking down the trust estate before us, particularly where as in this case the trustee is the father of the minor beneficiary and already has under the powers granted him in the trust instrument the right to meet the contingent needs of the beneficiary for education, comfort, and support, even to the extent of the trust corpus. In that situation it may not be said that the beneficiary had a right "presently to use, possess or enjoy the property" but rather the conclusion must be that there was certainty of postponement of enjoyment even though there was no certainty of the length of the period of postponement. *Fondren* v. *Commissioner*, *supra*.

The petitioner cites and relies on the district court case of *Strekalovsky* v. *Delaney*, 78 Fed. Supp. 556. While in some respect the facts in that case appear to be similar to some of the facts in the instant case and there is some language by the court which if taken alone might seem to support the petitioner here, there is in the trust instrument here no such provision as paragraph "Second" upon which the court there particularly rested its conclusion. In any event, however, it is our conclusion, as set forth above, that in this case the Supreme Court's decision in *Fondren* v. *Commissioner* is controlling.

In paragraph 4 (b) of the petition it is alleged that the respondent "erred in not considering a tax court case previously decided as determining conclusively that the petitioner was entitled to the statutory exclusion of $3,000 with regard to the gift made to the irrevocable trust for the grandchild." A deficiency in gift tax was determined against petitioner in 1944 wherein a claim of exclusion similar to that here involved was denied by respondent. The proceeding did not come to trial but was closed out by stipulation of the parties for a lump sum deficiency, which deficiency was less by $675 than the deficiency as originally determined by the respondent. The petitioner at no time has made clear the exact nature of his claim of error. His council contented himself at the time of the trial with a statement which in substance was that the decision pursuant to stipulation in the prior year might have some bearing on the case. On brief he makes no argument on the matter and we assume he has dropped or abandoned whatever claim he may have had in mind.

*Decision will be entered for the respondent.*