WILLIS D. WOOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25757. Promulgated May 4, 1951.

*John J. Boyle, Esq.*, for the petitioner.
*Robert M. Willan, Esq.*, for the respondent.

OPINION.

HARRON, *Judge:* A gift of property may comprise a gift of a present interest and a gift of a future interest. *Fisher* v. *Commissioner* (C. A. 9, 1942), 132 F. 2d 283; and *Sensenbrenner* v. *Commissioner* (C. A. 7, 1943), 134 F. 2d 883. The petitioner admits that the gifts to the trust were gifts of future interests with respect to the principal and income accumulations under the rules of *Helvering* v. *Hutchings*, 312 U. S. 393 (1940), and *United States* v. *Pelzer*, 312 U. S. 399 (1940). The petitioner contends that a gift of a present interest was made with respect to the trust income, which the respondent denies. The petitioner relies upon *Commissioner* v. *Sharp* (C. A. 9, 1946), 153 F. 2d 163, and *Smith* v. *Commissioner* (C. A. 8, 1942), 131 F. 2d 254.[1] The respondent relies upon *Vivian B. Allen*, 3 T. C. 1224 (1944), and upon the rationale of *Commissioner* v. *Disston*, 325 U. S. 442 (1945).

The meaning of the clause "future interests in property" in section 1003 (b) (3) of the Code, and in corresponding sections of the earlier revenue acts, and in the applicable regulations of the Commissioner, and the principles to be applied in making the distinction between a gift of a present interest and a gift of a future interest have been clarified by the Supreme Court in *Ryerson* v. *United States*, 312 U. S. 405 (1941); *United States* v. *Pelzer, supra; Fondren* v. *Commissioner*, 324 U. S. 18 (1945); and *Commissioner* v. *Disston, supra.* See

---

[1] The petitioner relies upon other cases which can no longer be followed because they were decided upon the authority of *Commissioner* v. *Wells* (C. A. 7, 1937), 88 F. 2d 339, which was, in effect, overruled by *Helvering* v. *Hutchings*, 312 U. S. 393, and *United States* v. *Pelzer*, 312 U. S. 399. *See Commissioner* v. *Gardner* (C. A. 7, 1942), 127 F. 2d 929.

*John W. Kieckhefer*, 15 T. C. 111. In order to obtain the exclusion from taxable net gifts under section 1003 (b) (3), the taxpayer must show that the donee of the gift received "the right presently to use, possess or enjoy" the property or an interest therein. *United States* v. *Pelzer, supra*, p. 403. It must be proved by the taxpayer, *Commissioner* v. *Disston, supra*, that property or interest in property which is given is not a future interest within the meaning of the statute and of the regulation which interprets the statute and defines the clause "future interests in property," which interpretation of the statute has received Congressional approval. *Fondren* v. *Commissioner, supra*. The meaning of the term "future interests," as used in the statute, is an interest in property "whether vested or contingent, * * * which are [is] limited to commence in use, possession, or enjoyment at some future time * * *." Section 86.11, Regulations 108.

The issue in this proceeding, upon its particular facts, turns on whether the interest in trust income which was acquired by the beneficiary of the trust was limited or restricted in his enjoyment, use, or possession thereof at the date of the gift, so that his possession and use were to be in the future. Neither party devotes argument to the point that the beneficiary was a minor at the date of the gift, nor to the motives of the petitioner-donor, so that we are not obliged to consider such aspects of the problem; but since it is a fact that the trust beneficiary was an infant at the dates of the gifts, it should be noted that this factor is relevant, chiefly, to the extent that it has bearing upon the element of the time for use and enjoyment of the trust income, or for the deferment thereof. It was stated in *Fondren* v. *Commissioner, supra*, that "The statute in this respect purports to make no distinction between gifts to minors and gifts to adults. If there is deferment in either case the exemption is denied."

Under the trust agreement the trustee, a corporation, is directed to pay to Willis Alexander Wood so much of the net income of the trust in a year "as may be requested in writing by Robert M. Wood, the father of said Willis Alexander Wood" during the life of Robert M. Wood, and after his death, so much of the net income as may be requested in writing by the mother, guardian, or other person having the care and control of Willis Wood. The total payments to Willis Wood in one year shall not exceed the net income of the trust fund for such year. If the payments which are made to the beneficiary in a year are less than the total net income of the trust for such year, the trustee shall accumulate such balance as it retains until the beneficiary becomes 21 years old. Under the trust agreement the donor makes a gift of all accumulated income to Willis Wood, the beneficiary.

The trustee is not given any discretion in the matter of making payments of trust income to the beneficiary. Rather, he is empowered to

make distributions of income only upon the request, or demand, of a designated person, and unless he receives such request, he is not obligated to make any distribution of income to the beneficiary. Likewise, the beneficiary has no right to receive any of the trust income except *after* the person designated in the trust agreement has made a written request to the trustee to pay income to the beneficiary. There is, therefore, a restriction upon the trustee's power to make payments of trust income to the beneficiary, and the beneficiary's right to receive payment of income is contingent upon the making of the written request by the person designated to do so. It is implicit in the trust provision that the person designated to make demand upon the trustee for payment of income to the beneficiary is given the absolute discretion to decide whether any payment of trust income shall be made by the trustee, in any year, and the discretion is entirely unlimited, unguided, and unrestricted. It also seems to be clear, under the trust provision, that if the designated person makes no request for the payment of income to the beneficiary in a year, the trustee shall accumulate the net income of the trust for such year. However, if this latter construction of the trust provision is doubtful, this matter does not alter the conclusion which is made under the issue presented. There can be no doubt that the trustee is directed to accumulate undistributed income and that he has a right to withhold distribution if no request is made for distribution.

It is concluded that the interest of the beneficiary in the trust income was restricted and limited by the discretion which the donor gave to the person designated to make the requests to the trustee for the payment of income. Since the person so designated has an absolute and unlimited discretion, the contingency that he will exercise his discretion in favor of the accumulation of income by the trustee is as great as and is equal to the contingency that he will exercise his discretion in favor of the distribution of income to the beneficiary. Furthermore, there is the contingency that he will exercise his discretion at various times in different ways so as to allow varying amounts of income in different years to accumulate, or conversely, to request the payment of income to the beneficiary in varying amounts, depending upon the judgment of the designated person. These contingencies constitute a barrier to the beneficiary's certain and present use, possession, and enjoyment of all or any definite part of the trust income from year to year and compel the conclusion that at the dates of the gifts in question, the beneficiary, Willis Alexander Wood, did not receive an absolute right to the immediate enjoyment of trust income; that he did not receive the gift of an interest in the trust income which was to commence in use, possession, or enjoyment at the date of the gift; and that he received a gift of an interest in the income which was to commence only at such time as the designated

person made written demand on the trustee to distribute income. Since the beneficiary's right was dependent upon the act of another, whose act was not *required* to be exercised in his favor "currently," the beneficiary's interest in trust income was a "future interest" at the date of the gift within the meaning of that term in the statute. It is so held.

It has been held that where a donee's enjoyment and use of a gift are subject to the exercise of the discretion of a trustee, the donee's interest is a future interest, and the statutory exclusion has been denied. *Welch* v. *Paine* (C. A. 1, 1942), 130 F. 2d 990; *Commissioner* v. *Brandegee* (C. A. 1, 1941), 123 F. 2d 58. The same reasoning must be applied where the discretion is placed in someone other than the trustee.

It is noted, also, that in determining whether a fiduciary is entitled to take deductions under section 162 of the Code, for purposes of the income tax, and in determining whether a beneficiary is taxable on income, the effectuation of the statutory scheme under section 162 requires determining whether a fiduciary is under an absolute obligation by direction of a trust to pay income to a beneficiary, whether he has done so or not, and whether the beneficiary is entitled to receive income as a matter of right. *Plimpton* v. *Commissioner* (C. A. 1, 1943), 135 F. 2d 482, 486; *Commissioner* v. *Stearns* (C. A. 2, 1933), 65 F. 2d 371. It has been held, for purposes of section 162, that where it is in the discretion of the trustee either to accumulate or distribute income, the income is taxable to the trust, if there has been no distribution. *Plimpton* v. *Commissioner, supra.*

It is provided in section 1005 of the Code that the value of a gift at the date of the gift shall be considered the amount of the gift. Where the right of the donee to receive possession of property, or the enjoyment and use of an interest therein, is dependent upon a contingency which carries with it uncertainty as to the value of that which the donee receives, the value of the gift to the donee is not ascertainable. If there can be doubt as to the correctness of our above holding, then we are confronted with the same problem which existed in *Commissioner* v. *Disston, supra,* because here, as in that case, the trust provision lacks *indicia* that there will be "a steady flow of some ascertainable portion of income" to the beneficiary under the requirements of the trust. In this situation, the value of a gift of an interest in trust income cannot be ascertained through the application of any actuarial methods. When a taxpayer is unable to ascertain the value or amount of a gift for which he seeks exclusion or deduction from the amount of taxable gifts, the exclusion or deduction must be denied, and the result is of the taxpayer's making. *Robinette* v. *Helvering,* 318 U. S. 184; *Commissioner* v. *Disston,* supra; *Vivian B. Allen, supra; Welch* v. *Paine, supra.*

This Court has previously considered the decision in the case of *Smith* v. *Commissioner, supra.* See *Mary M. Hutchings*, 1 T. C. 692, 697, affd., 141 F. 2d 422. The *Smith* case is distinguishable on the facts from this proceeding for the same reasons as we discussed in the *Hutchings* case. The *Sharp* case, *supra*, on which petitioner relies, is likewise distinguishable. Upon review of the *Sharp* case, the Court of Appeals concluded that under that trust, the trustee "had no discretion to determine if he would or would not pay over the income" to the beneficiary, and that "the trustee had no right to withhold income of the trust estate."

The respondent's determinations are sustained.

*Decision will be entered for the respondent.*