FRANCES McGUIRE RASSAS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27501.    Promulgated August 6, 1951.

*Samuel T. Lawton, Esq.*, for the petitioner.
*David F. Long, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* In the determination of a deficiency in petitioner's gift tax for the year 1947, the Commissioner has held that the gift which petitioner made to her infant daughter on December 29, 1947, was a gift of future interest in property and that no exclusion was allowable under the statute.

There is no dispute that the value of the donated property was $4,400 at the time of gift and there is no contention by the Commissioner that if petitioner is entitled to any exclusion at all that $2,750 is the correct amount. The Commissioner does contend, however, that the entire gift was one of future interest in property and that no exclusion is allowable. The petitioner on her part concedes that the gift of principal was one of future interest, but contends that the gift of income from the property was one of present interest and that she is entitled to an exclusion of $2,750.

The applicable sections of the Internal Revenue Code and of Treasury Regulations 108 are printed in the margin.[1] The pertinent part of the regulations printed in the margin is:

---

[1] Internal Revenue Code.
SEC. 1003. NET GIFTS.
* * * * * * *
(b) EXCLUSIONS FROM GIFTS.—
* * * * * * *
(3) [As added by section 454 of the Revenue Act of 1942.] GIFTS AFTER 1942.— In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.
Regulations 108.
SEC. 86.11. FUTURE INTERESTS IN PROPERTY.—No part of the value of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar year. "Future interests" is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time. The term has no reference to such contractual rights as exist in a bond, note (though bearing no interest until maturity), or in a policy of life insurance, the obligations of which are to be discharged by payment in the future. But a future interest or interests in such contractual obligations may be created by the limitations contained in a trust or other instrument of transfer employed in effecting a gift. * * *

\* \* \* "Future interests" is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time. \* \* \*

This regulation has been construed many times by our own Court and by higher courts. One of the latest cases in the Supreme Court to deal with this regulation was *Fondren* v. *Commissioner*, 324 U. S. 18. In that case the Supreme Court held that a gift effective only in event of future need is not the same as a gift to satisfy existing needs, and in the former case the donor is not entitled to a statutory exclusion in computing gift taxes irrespective of whether the gift is to an adult or to an infant.

In the instant case the petitioner's daughter to whom the gift was made in trust was only 19 days of age at the time the gift was made but that fact would not make any difference if the gift was one of present interest in property. In contending that the entire gift was one of future interests in property the Commissioner strongly relies upon the Supreme Court's decision in the *Fondren* case, *supra*. We think that case supports the Commissioner's determination. It has been held that where a donee's enjoyment and use of a gift are subject to the exercise of the discretion of a trustee, the donee's interest is a future interest and the statutory exclusion has been denied. *Welch* v. *Paine*, 130 F. 2d 990; *Commissioner* v. *Brandegee*, 123 F. 2d 58. See also our recent decision in *Willis D. Wood*, 16 T. C. 962.

Both parties agree that the determinative part of the trust instrument which controls the issue which we have here to decide is paragraph 3 which we have included in our findings of fact. That paragraph starts out by saying: "The Trustees shall pay the income of the Trust Estate unto DENICE RASSAS in quarterly instalments." If the trust instrument had stopped there we think the gift would undoubtedly have been one of present interest in the income of the trust, but it did not stop there. It continues by saying:

. \* \* \* Payment of such income to said minor shall be made by the Trustees paying and applying, in their *sole discretion*, so much of the income as may by them be deemed necessary for the maintenance, education and support of the said DENICE RASSAS during her minority, and any income not so paid and applied shall be accumulated by the Trustees during the minority of the said DENICE RASSAS, as and for her own separate property, and shall be paid to her upon her coming of age. \* \* \* [Emphasis added.]

In view of the facts which have been stipulated as to the favorable financial condition of Denice's parents, it seems extremely unlikely that the parents, as trustees, will deem it necessary to expend any of the income of the trust for Denice's maintenance, education, and support during her minority. It seems likely that the income, instead of being expended on her behalf for the above purposes, will be ac-

cumulated and invested from time to time and paid to her upon her coming of age as paragraph 3 provides. This being true, it seems to us that the facts bring this case within *Fondren* v. *Commissioner*, *supra*, and that the decision here must be for respondent.

Petitioner strongly relies upon *Commissioner* v. *Sharp*, 153 F. 2d 163, affirming 3 T. C. 1062. We think that case is distinguishable. Of the trust indenture there involved the court said:

The most pertinent provision of the trust agreement, Article First, directs the trustee "to hold, manage, invest, and reinvest said trust estate, and to collect and receive rents, interest, income and dividends (hereinafter referred to as income) therefrom and after paying the proper charges against the same, to apply and pay over to the use and for the benefit of my son Donald Nichols Sharp the net income therefrom during his minority, and upon reaching majority to pay the net income to my said son Donald Nichols Sharp during his life. The trustee may make any payment of any income thus applicable to the use of my son Donald Nichols Sharp, during his minority, by paying the same to his mother, or guardian of his property, or corporation designated by the donor (without obligation to look to the proper application thereof by the person receiving it) or by expending it in such manner as the Trustee, in its discretion, believes will benefit my son. Any balance of income shall be accumulated until the arrival of my son Donald Nichols Sharp at majority, at which time the Trustee shall pay over the said accumulated income to my son Donald Nichols Sharp."

The court, construing the above provision of the trust indenture, said:

* * * Whenever the provision is made for immediate application of the funds for the minor's benefit whether of income or corpus, the exemption applies. The fund became available to the beneficiary here for his maintenance immediately upon consummation of the gift. He had at once the *right* of enjoyment. * * * [Emphasis added.]

As we have already pointed out, the above cannot be said of Denice's right under the trust here involved. Her right to receive income from the trust was clearly limited by the following provision of the trust:

* * * Payment of such income to said minor shall be made by the Trustees paying and applying, in their *sole discretion*, so much of the income as may by them be deemed necessary for the maintenance, education and support of the said DENICE RASSAS during her minority, * * * [Emphasis added.]

This limitation upon Denice's right to receive the income of the trust it seems to us makes the gift one of future interest under the Supreme Court's decision in the *Fondren* case, *supra*, and makes the gift here distinguishable from the one which was made in *Commissioner* v. *Sharp*, *supra*, where the *Fondren* case was distinguished.

We think the instant case is also distinguishable from the case of *Kieckhefer* v. *Commissioner*, 189 F. 2d 118, reversing 15 T. C. 111. Neither party cited the *Kieckhefer* case in their briefs but we have carefully read it and considered it and think it is distinguishable on its facts. The court in that case in deciding that the gift in trust by

the donor to his infant grandson was one of present interest instead of future interest laid much emphasis on the following language in the trust indenture: "unless the trust be prior terminated as hereinafter provided." In discussing the provision in the trust indenture to which we have just called attention, the court said:

Suppose in the instant situation that the beneficiary had been an adult rather than a minor. Such adult, of course, could immediately have made a demand upon the trustee and have received the trust property. We suppose that such a gift unquestionably would be one of a present interest. But because the beneficiary is a minor, with the disabilities incident thereto, it is reasoned that the gift is of a future interest because the disabled beneficiary is not capable of making demand.

The court then went on and disagreed with such reasoning and held that the gift was one of present interest.

The trust indenture in the instant case did not give to the beneficiary nor to any one acting for her the right to terminate the trust. Not only did the beneficiary have no' right to terminate the trust in the instant case but neither the beneficiary nor any one acting for her has the right to *demand* payment of the income. Only such income of the trust estate is payable to the beneficiary as the trustees in their *sole discretion* shall decide. These facts, in our opinion, make the instant case distinguishable from *Kieckhefer* v. *Commissioner, supra,* and we think, under the cases which we have cited and discussed, make the gift here one of future interest.

*Decision will be entered for the respondent.*

