MADELEINE N. SHARP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 110477. Promulgated July 7, 1944.

*Raymond M. Wansley, C. P. A.,* for the petitioner.
*Ralph E. Smith, Esq.,* for the respondent.

OPINION.

ARNOLD, *Judge*: This proceeding involves a gift tax deficiency of $750 for 1938. The issue is whether petitioner is entitled to a $5,000 exclusion under section 504 of the Revenue Act of 1932. We adopt as our findings of fact the facts admitted in the pleadings and stipulated by the parties.

Petitioner's return for the period here involved was filed with the collector for the sixth district of California.

On September 20, 1938, petitioner executed an agreement between herself as donor and/or trustor and the Title Guarantee & Trust Co. of New York City, as trustee, for the benefit of Donald Nichols Sharp, her son. On the same date she transferred to the Title Guarantee & Trust Co., as such trustee, cash and securities having a fair market value of $252,090.79.

Donald Nichols Sharp was born on September 9, 1922.

The present value of the right to receive income from the trust estate established by the agreement of September 20, 1938, was in excess of $5,000 at that date.

The relevant provisions of the trust indenture are as follows:

　　　*　　　*　　　*　　　*　　　*　　　*

ARTICLE FIRST: A. To hold, manage, invest and reinvest said trust estate, and to collect and receive the rents, interest, income and dividends (hereinafter

referred to as income) therefrom and after paying the proper charges against the same, to apply and pay over to the use and for the benefit of my son Donald Nichols Sharp the net income therefrom during his minority, and upon his reaching his majority to pay the net income to my said son Donald Nichols Sharp during his life. The Trustee may make any payment of any income thus applicable to the use of my son Donald Nichols Sharp, during his minority, by paying the same to his mother, or guardian of his property, or other person or corporation designated by the Donor (without obligation to look to the proper application thereof by the person receiving it) or by expending it in such manner as the Trustee, in its discretion, believes will benefit my son. Any balance of income shall be accumulated until the arrival of my son Donald Nichols Sharp at majority, at which time the Trustee shall pay over the said accumulated income to my son Donald Nichols Sharp.

\* \* \* \* \* \* \*

Paragraphs B, C, D, E, and F of article first provide that the trust shall terminate upon the death of the son and the principal of the trust shall be paid over to and among the children and issue of deceased children of Donald Nichols Sharp. If the latter dies without children or issue of deceased children him surviving, the principal is distributable among the children and issue of deceased children of the donor's daughter; if the daughter has none such, the principal goes to her; if the daughter fails to survive, the donor becomes the distributee; if the donor likewise fails to survive, the principal goes to the children and issue of deceased children of the donor's brother; and if all the above persons fail to survive the donor's son, the principal is distributable among the persons then entitled under the laws of the State of New York to share in the donor's estate in intestacy.

Article second of the trust indenture reads as follows:

ARTICLE SECOND: Any moneys or share of principal which shall in pursuance of the provisions hereof become payable to a person who at the time when payment is herein directed to be made is under the age of twenty-one (21) years, shall vest absolutely in such person and shall be his or her property; but the Trustee is authorized and directed to hold said moneys or share until such minor arrives at the age of twenty-one (21) years, at which time the Trustee shall pay over to him or her said moneys or share. The Trustee shall during such minority administer the same with all the powers, authority and discretion granted to it as Trustee and shall collect the income therefrom, and may pay or apply such part of said income or of the principal as the Trustee shall deem necessary for the support, maintenance and education of such minor without the intervention of a guardian. Any balance of income shall be accumulated until the arrival of such minor at majority, at which time the Trustee shall pay over the said accumulated income to such minor.

The Trustee may make payment of any income or principal thus applicable to the use of a minor by paying the same to the parent, guardian or other person having the care and control of such minor (without obligation to look to the proper application thereof by the person receiving it), or by expending it in such manner as the Trustee in its discretion believes will benefit such minor and may also pay to the minor directly such sums as the Trustee approves as an allowance.

Article third enumerates the broad powers vested in the trustee with respect to any and all property at any time held by it under the trust indenture, including in paragraph 11 thereof the power, generally, to exercise as in its absolute judgment shall seem advisable for the benefit of the trusts "all rights, powers and privileges of every name and nature which might or could be exercised by one owning such property absolutely and in his own right." Article fourth authorizes the trustee in its discretion to register and hold securities or other property in its own name or in the name of a nominee, to pay the ordinary and necessary expenses of the trusts, to make any divisions or distributions wholly or partly in kind, to make repairs and improvements and charge the cost to income or corpus, to appoint agents, and to insure the real property and charge the premiums to income or corpus.

Article fifth relates to dividends of all kinds and classifies such dividends as income or principal, to premiums and discounts on purchases or sales by the trustee, to income accrued on property delivered to the trustee, to the income from depletable assets, which the trustee was required to distribute to the income beneficiary without creating a reserve to offset the depletion of the corpus, and to distributions by corporations of its assets in complete or partial liquidation. Article fifth also provides:

Upon termination of any estate hereunder, income accrued but not yet due and payable on the property, and income accumulated and not distributed, subject to any charges or advances against it, shall belong to the next estate.

Article sixth of the trust indenture reads as follows:

ARTICLE SIXTH: The decision of the Trustee with respect to the exercise or non-exercise by it of any discretionary power hereunder, or the time or manner of the exercise thereof, made in good faith, shall fully protect it, and shall be conclusive and binding upon all persons interested in the trust estate. All powers granted to the Trustee shall apply to all property at any time held hereunder and until the actual distribution thereof.

The remaining articles of the trust indenture provide that the trustee shall hold trust corpus and income free and clear from the control, debts, liabilities, and engagements of any beneficiary, for succession in interest of any corporation merged or consolidated with the Title Guarantee & Trust Co.; that the trustee shall receive commissions at the rate allowed to a sole testamentary trustee under the laws of New York; that the donor shall have the right to increase the trust corpus and the right to modify or alter the provisions of the trust agreement relating to the power, authority, and responsibility of the trustee in administering the trust, but no right to revoke the trust, change the beneficiaries or alter their interests; and that successor trustees shall be appointed upon the resignation of the trustee or the removal thereof by an instrument in writing executed by the

donor or, after her death, the income beneficiaries, the substituted trustee to be a bank having trust powers or a trust company having a capital and surplus of not less than $10,000,000.

Respondent refused to allow petitioner a $5,000 exclusion with regard to the gift upon the grounds that the beneficiary did not receive the immediate right to the unrestricted use, possession, or enjoyment of the income or principal of the trust estate and that the gift was a gift of a future interest against which no exclusion is allowable.

Section 504 of the Revenue Act of 1932, set forth in the margin,[1] deals with net gifts, and subsection (b) thereof excludes from "net gifts" the first $5,000 of gifts (other than of future interest in property) made to any person by the donor during the calendar year. Article 11 of Treasury Regulations 79 (1933 Ed.) declares that "A future interest in property is any interest or estate in property, whether vested or contingent, which is limited to commence in use, possession or enjoyment at some future date or time." The Supreme Court approved this regulation in *Helvering* v. *Hutchings*, 312 U. S. 393; *United States* v. *Pelzer*, 312 U. S. 399; and *Ryerson* v. *United States*, 312 U. S. 405.

Respondent contends that, since the trustee has sole discretion with respect to how much trust income shall be distributed to petitioner's son during his minority, the gift constituted a gift of a future interest and petitioner is entitled to no exclusion. He interprets article first of the trust indenture to mean that the trustee *may* pay income for the use of the son during his minority to persons designated by the donor, that the trustee *may* make expenditures which in the discretion of the trustee will benefit the son, and that any balance *shall* be accumulated until the son reaches his majority.

We can not agree with respondent's interpretation. In our opinion the trustee had no discretion with respect to paying over the trust income. After collecting the trust income and after paying the proper charges against the same, the trustee was "to apply and pay over to the use and for the benefit of  *  *  *  Donald Nichols Sharp the net income therefrom during his minority  *  *  *." The trustee acquired no discretionary powers by this language. The discretion lodged in the trustee was not whether it would "apply and pay over" or accumulate the net income, but whether it would make the required payment to the beneficiary's mother, or his guardian, or other person designated by the donor; or whether the trustee itself would expend

---

[1] SEC. 504. NET GIFTS.

(a) GENERAL DEFINITION.—The term "net gifts" means the total amount of gifts made during the calendar year, less the deductions provided in section 505.

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

the income in such manner as would benefit the son. Such discretion gives no authority or power to the trustee to determine if it will or will not pay over as it deems proper and fit, and it would constitute no defense in a suit on behalf of Donald Nichols Sharp to recover the net income of the trust in the hands of the trustee. The provision for accumulating any balance of income must be construed in the light of the other language used in article first. In our opinion this provision was purely precautionary and constituted no limitation upon the duty of the trustee to apply and pay over the net income to the son.

The provisions of article second, when read with the other articles of the trust, show that the powers therein granted were effective only upon termination of the trust by the death of the life beneficiary. Any discretionary powers granted the trustee over succeeding estates would be immaterial in determining whether Donald Nichols Sharp was entitled under this indenture to the present use, possession, and enjoyment of the trust income. The above quoted portions of articles fifth and sixth, upon which respondent relies, constitute no limitation upon the son's right to the present use, possession, and enjoyment of trust income. The one by its very terms relates only to the termination of estates; the other has to do with the good faith exercise of the trustee's discretionary powers, and, as heretofore pointed out, the trustee had no discretion in applying and paying over the trust income to Donald Nichols Sharp, but only a discretion as to whom the required payment of income would be made for the use and benefit of Donald during his minority.

The rule which respondent invokes and contends we should follow, namely, that where income to be distributed to beneficiaries of a trust is subject to the uncontrolled judgment and discretion of the trustees, such gifts of income are gifts of future interests, against which no exclusions are allowable, is amply supported by authorities. *Mary M. Hutchings*, 1 T. C. 692; affd. (C. C. A., 5th Cir.), 141 Fed. (2d) 422; *Estate of W. W. Fondren*, 1 T. C. 1036; affd. (C. C. A., 5th Cir.), 141 Fed. (2d) 419; certiorari applied for; *Welch* v. *Paine* (C. C. A., 1st Cir.), 130 Fed. (2d) 990; *Commissioner* v. *Taylor* (C. C. A., 3d Cir.), 122 Fed. (2d) 714. But the facts here afford no opportunity to apply the rule. We have no postponement of the minor's right to enjoy the net income of the trust in the uncontrolled judgment and discretion of the trustee. The donor imposed the duty on the trustee "to apply and pay over" the net income to her son, and because he was a minor she granted discretion to the trustee as to whom such payment should be made until the son reached his majority. We find support for our conclusion in *Commissioner* v. *Lowden* (C. C. A., 7th Cir.), 131 Fed. (2d) 127; *Commissioner* v. *Kempner* (C. C. A., 5th Cir.), 126 Fed. (2d) 853; *Com-*

*missioner* v. *Brandegee* (C. C. A., 1st Cir.), 123 Fed. (2d) 58, 62; *Smith* v. *Commissioner* (C. C. A., 8th Cir.), 131 Fed. (2d) 254; *Elizabeth H. Fisher*, 45 B. T. A. 958; affd. (C. C. A., 9th Cir.), 132 Fed. (2d) 383, and like cases, although none of these authorities is squarely in point.

Since respondent increased the amount of the gift by the accrued interest on the bonds transferred, an adjustment not in dispute, the deficiency should be redetermined in accordance herewith and

Reviewed by the Court.

*Decision will be entered under Rule 50.*

STERNHAGEN, LEECH, and KERN, *JJ.*, dissent.