Edward J. Kelly, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 35676.    Promulgated October 13, 1952.

*William W. Ellis, Jr., Esq.*, for the petitioner.
*Robert J. McDonough, Esq.*, for the respondent.

---

OPINION.

Opper, *Judge:* A deficiency in gift tax of $1,483.56 for the year 1947 is in controversy. As originally presented, the case involved the applicability of the exclusion provision of Internal Revenue Code section 1003 (b) (3) to two sets of gifts on the ground that they constituted future interests. All of the facts were stipulated and are hereby found accordingly.

The gift tax return for 1947 was filed with the collector of internal revenue for the second New York district. The essential facts are summarized as follows in petitioner's brief:

In December, 1947, the petitioner, Edward J. Kelly, had two daughters and seven minor grandchildren. In order to make gifts to said daughters and grandchildren, petitioner executed on December 26, 1947, two substantially identical trust instruments, one for Isabel W. Durcan and her four children, the other for Janet M. Howley and her three children.

The trust instruments, after providing in Paragraph First (a) that the net income of the trust funds for petitioner's two daughters should be paid over to said daughters during their respective lives, contain the following provisions in Paragraph First (b) for petitioner's grandchildren:

(b) The respective trust funds * * * established for the benefit of each child of said Isabel W. Durcan [and Janet M. Howley] now living, * * * and the net income of the principal of the trusts hereby created for the benefit of each such child shall be paid to his or her lawful guardian for the education, maintenance and support of such child until such child shall attain the age of twenty-one (21) years. Any and all such net income not so paid over for the benefit of such child in any year during his or her minority shall be invested and reinvested in the manner herein provided for the principal of such trust. After each child of said Isabel W. Durcan [and Janet M. Howley], * * * shall attain the age of twenty-one (21) years, the net income of the trust hereby created for his or her benefit shall be paid to him or her at least as often as annually until he or she shall attain the age of thirty-five (35) years; whereupon there shall be paid or turned over to him or her all the principal and undistributed income of such trust fund then on hand.

In addition to the usual powers, the trustee is authorized in Paragraph First (d) to invade the principal of the trust funds where necessary for the education of the beneficiaries, or because of the illness or other need of said beneficiaries.

On December 29, 1947, petitioner transferred to himself as trustee under the above described trusts for each of the five Durcans, sixty shares of the common stock of Lawyers Trust Company valued at $2,910, and for each of the four Howleys ten shares of the common stock of Ranger Motors, Inc., valued at $3,200.

In preparing his gift tax return for the calendar year 1947, petitioner reported the full value of the above gifts, and claimed on said return the annual exclusion of $3,000 for each of said gifts. This return was filed with the Collector of Internal Revenue for the Second New York District.

The respondent asserted a deficiency against petitioner in the amount of $1,483.56, said deficiency resulting from the disallowance of any exclusions with respect to the gifts to petitioner's grandchildren, and from the limiting of the exclusion with respect to the gifts to petitioner's daughters to the date of gift value of the right to receive the trust income for their lives. The disallowance

was based upon the theory that the gifts to the grandchildren were gifts of future interests and that the gifts of principal to the daughters were gifts of future interests.

By mutual concessions, the only remaining controversy has been reduced to whether exclusions are permissible with respect to the income of the grandchildren's trust. Respondent concedes that the income of the trust for the daughters is immediately payable and hence constitutes a present interest; petitioner concedes "that the gifts of principal were gifts of future interests."

The only distinction between the income of the grandchildren's trust and *Madeleine N. Sharp*, 3 T. C. 1062, affd. (C. A. 9) 153 F. 2d 163, is that in the *Sharp* case the trustee was required "to apply and pay over to the use and for the benefit of my son" the net income of the trust, whereas here the requirement is that "the net income of the principal of the trusts hereby created for the benefit of each such [grand]child shall be paid to his or her lawful guardian for the education, maintenance and support of such [grand]child * * *."

In the *Sharp* case, we concluded that—

Such discretion [as to the payee] gives no authority or power to the trustee to determine if it will or will not pay over as it deems proper and fit * * *. The provision for accumulating any balance of income must be construed in the light of the other language used in article first. In our opinion this provision was purely precautionary and constituted no limitation upon the duty of the trustee to apply and pay over the net income to the son.

* * * * * * *

The rule which respondent invokes and contends we should follow, namely, that where income to be distributed to beneficiaries of a trust is subject to the uncontrolled judgment and discretion of the trustees, such gifts of income are gifts of future interests, against which no exclusions are allowable, is amply supported by authorities. * * * But the facts here afford no opportunity to apply the rule. We have no postponement of the minor's right to enjoy the net income of the trust in the uncontrolled judgment and discretion of the trustee. * * *

We find insufficient distinction in the language of the respective trust instruments to apply a different rule here. On the sole contested issue, therefore, we conclude that exclusions are permissible as to the income of the trust for the grandchildren. *Elizabeth H. Fisher*, 45 B. T. A. 958, affd. (C. A. 9) 132 F. 2d 383.

*Decision will be entered under Rule 50.*